J-S28016-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MARLON GARTH | |
| Appellant | No. 417 EDA 2015 |

Appeal from the Judgment of Sentence September 29, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0011632-2012

BEFORE: BOWES, J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY LAZARUS, J.:                 **FILED MAY 04, 2016**

Marlon Garth appeals from his judgment of sentence, entered in the Court of Common Pleas of Philadelphia County, after a jury found him guilty of aggravated assault.[1] Upon careful review, we affirm.

Garth was arrested on July 24, 2012 and charged with aggravated assault, attempted rape, possessing an instrument of crime and attempted sexual assault. The charges stemmed from an incident in which Garth took the victim into an empty lot in the Kensington section of Philadelphia and attacked her. Garth struck the victim's head with a brick, knocking her to the ground, and then hit her head into the ground multiple times. He

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 2702(a).

unbuttoned the victim's shorts and pulled them down around her hips and told her to "shut up, take this." N.T. Trial, 7/30/14, at 80; 116. Two women flagged down nearby police officers, who responded to the vacant lot and found the victim screaming for help with Garth crouched over her, clenching his fists, with his pants undone and pulled around his hips. Garth was apprehended as he attempted to walk away from the scene.

After a two-day jury trial, Garth was convicted of aggravated assault and acquitted of the remaining charges. Following the preparation of a pre-sentence report ("PSI"), on September 29, 2014, the trial court sentenced Garth to a term of 78 to 156 months' incarceration, followed by two years of probation. Garth filed a timely post-sentence motion, which the court denied without a hearing by order dated January 23, 2015. Garth filed a timely notice of appeal on February 9, 2015, and his counsel filed a motion to withdraw, which the court granted. The court appointed new counsel and issued a Pa.R.A.P. 1925(b) order, directing Garth to file a statement of errors complained of on appeal. After receiving an extension of time, counsel filed Garth's Rule 1925(b) statement on March 23, 2015. The trial court issued its Rule 1925(a) opinion on August 21, 2015.

On appeal, Garth raises the following issues for our review:

1. Did the jury improperly convict Garth where there was insufficient evidence of his intent to cause serious bodily injury in support of the aggravated assault conviction?

2. Did the trial court improperly admit the following evidence at trial: [(a)] an unrelated weapon – a knife recovered from the crime scene, which was a vacant lot; [(b)] the victim's

statements to a responding EMT under the medical diagnosis or treatment exception to the hearsay rule?

Brief of Appellant, at 2.

Garth first claims that insufficient evidence was presented at trial to convict him of aggravated assault. Garth alleges that the Commonwealth failed to establish either that the victim suffered serious bodily injury or that he possessed the specific intent to inflict serious bodily injury. Accordingly, he argues, the Commonwealth failed to establish that he committed the crime of aggravated assault and his conviction should be reversed.

> As a general matter, our standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. The facts and circumstances established by the Commonwealth need not be absolutely incompatible with the defendant's innocence. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

*Commonwealth v. Mauz*, 122 A.3d 1039, 1040-41 (Pa. Super. 2015), quoting *Commonwealth v. Rahman*, 75 A.3d 497, 500-01 (Pa. Super. 2013).

Here, Garth was convicted of aggravated assault, which is defined as follows:

§ 2702. Aggravated assault.

(a) Offense defined. --

A person is guilty of aggravated assault if he:

(1) attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life[.]

18 Pa.C.S.A. § 2702(a)(1). "Serious bodily injury" is bodily injury that, *inter alia*, "creates a substantial risk of death." 18 Pa.C.S.A. § 2301. Aggravated assault can be found with proof of intent to commit serious bodily injury, regardless of whether any serious bodily injury actually resulted. *Commonwealth v. Gruff*, 822 A.2d 773, 777 (Pa. Super. 2003). The specific intent to inflict serious bodily harm may be inferred from the circumstances. *Commonwealth v. Bruce*, 916 A.2d 657, 663 (Pa. Super. 2007).

Here, testimony adduced at trial established that Garth hit the victim over the head with a brick, causing her to fall to the ground. *See* N.T. Trial, 7/31/14, at 64-66. The victim testified that Garth also choked her, "smacked" her in the face with an open hand, and was about to hit her again with the brick when a bystander stopped him. *See id.* at 67. In addition, Philadelphia Police Officer Raymond Singleton, who, along with his partner, was the first officer to arrive on the scene while Garth was still on top of the victim, testified that the victim told him immediately following the incident that Garth had "hit her head multiple times into the ground."[2] N.T. Trial,

_____

[2] In his brief, Garth makes much of the fact that the victim herself did not testify that Garth ever hit her head against the ground, suggesting that the

*(Footnote Continued Next Page)*

- 4 -

7/30/14, at 115-16. As a result of the blows inflicted by Garth, the victim had blood and welts on her forehead and knots on top of her head. ***See id.*** at 74. This testimony, viewed in the light most favorable to the Commonwealth as verdict winner, was sufficient to establish that Garth intended to cause serious bodily injury to the victim. Accordingly, this claim is meritless.

Garth's final two claims challenge the trial court's admission of evidence. Our standard of review concerning such claims is well-settled:

> With regard to the admission of evidence, we give the trial court broad discretion, and we will only reverse a trial court's decision to admit or deny evidence on a showing that the trial court clearly abused its discretion. An abuse of discretion is not merely an error in judgment, but an overriding misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of the record.

***Commonwealth v. Talbert***, 129 A.3d 536, 539 (Pa. Super. 2015) (citation omitted).

"Relevance is the threshold for admissibility of evidence." ***Commonwealth v. Tyson***, 119 A.3d 353, 358 (Pa. Super. 2015); ***see also*** Pa.R.E. 402. "Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence[,] and the fact

*(Footnote Continued)* ────────────

finder of fact was required to disbelieve Officer Singleton's testimony to this effect if it were to believe the victim's own account. However, the victim herself testified on cross-examination that there were parts of the attack that she did not remember. ***See*** N.T. Trial, 7/31/14, at 86. Accordingly, this argument is simply unavailing.

is of consequence in determining the action." Pa.R.E. 401; *see also Tyson*, 119 A.3d at 358 (stating that "[e]vidence is relevant if it logically tends to establish a material fact in the case, tends to make a fact at issue more or less probable or supports a reasonable inference or presumption regarding a material fact."). "The court may exclude relevant evidence if its probative value is outweighed by a danger of . . . unfair prejudice[.]" Pa.R.E. 403; *see also Commonwealth v. Kouma*, 53 A.3d 760, 770 (Pa. Super. 2012) (stating that even when evidence meets the relevance requirements, "such evidence may still be excluded where its probative value is outweighed by the danger of unfair prejudice.").

> However, [e]vidence will not be prohibited merely because it is harmful to the defendant. [E]xclusion is limited to evidence so prejudicial that it would inflame the jury to make a decision based on something other than the legal propositions relevant to the case[.] This Court has stated that it is not required to sanitize the trial to eliminate all unpleasant facts from the jury's consideration where those facts are relevant to the issues at hand[.]

*Id.* (citation omitted); *see also* Pa.R.E. 403 cmt. (defining "unfair prejudice" as "a tendency to suggest a decision on an improper basis or to divert the jury's attention away from its duty of weighing the evidence impartially.").

Garth first challenges the court's admission of a knife recovered from the vacant lot where the assault took place. Garth asserts that, because there was no evidence that he possessed or used a knife during the attack, it was not relevant and therefore inadmissible. Moreover, Garth asserts that

even if the knife evidence is relevant, its probative value was outweighed by its unfairly prejudicial impact.

There is no requirement that the Commonwealth establish that the proffered weapon was the weapon actually used in the attack before it can be introduced into evidence. **Commonwealth v. Thomas**, 561 A.2d 699, 707 (Pa. 1989). The only burden is to show sufficient circumstances to justify such an inference. **Id.**, citing **Commonwealth v. Martinez**, 380 A.2d 747 (Pa. 1977). If a proper foundation is laid, the weapon is admissible where the circumstances raise an inference that it was used. **Id.**, citing **Commonwealth v. Ford**, 301 A.2d 856 (Pa. 1973). Moreover, the admission of such demonstrative evidence is a matter within the discretion of the trial judge and, absent an abuse of his discretion, his decision must stand. **Id.**

Here, at the hearing on Garth's motion in *limine* to exclude the knife, the Commonwealth represented to the court that the victim would testify that Garth threatened her with a knife, and that the officer who recovered the knife found it directly next to where the assault occurred. **See** Hearing on Motion in *Limine*, 7/30/14, at 15. However, at trial, the victim could not remember whether Garth threatened her with a gun or a knife because she was "kind of nervous with [Garth] being in the courtroom right now." N.T. Trial, 7/31/14, at 67. Officer Raymond Singleton testified that, upon arriving at the scene, he noticed a knife on the ground in the area where the victim was laying. We conclude that, taken together, this testimony formed

- 7 -

a sufficient basis to justify an inference by the fact finder that the knife found adjacent to the scene of the attack was used to threaten the victim. The weight, or lack thereof, to be accorded any such inferences was for the jury to determine. *Thomas*, 561 A.2d at 707. As such, the trial court did not abuse its discretion in admitting the knife as evidence.

Even if the trial court erred by admitting the knife into evidence, such error was harmless. Harmless error exists if there is no reasonable possibility that the error could have contributed to the verdict. *Commonwealth v. Green*, 76 A.3d 575, 582 (Pa. Super. 2013).

> The Commonwealth bears the burden of establishing the harmlessness of the error. This burden is satisfied when the Commonwealth is able to show that: (1) the error did not prejudice the defendant or the prejudice was de minimis; or (2) the erroneously admitted evidence was merely cumulative of other untainted evidence which was substantially similar to the erroneously admitted evidence; or (3) the properly admitted and uncontradicted evidence of guilt was so overwhelming and the prejudicial [e]ffect of the error so insignificant by comparison that the error could not have contributed to the verdict.

*Id.*, quoting *Commonwealth v. Laich*, 777 A.2d 1057, 1062-63 (Pa. 2001).

Here, the victim testified as to the assault, Officers McIntyre and Singleton witnessed the tail end of the assault and testified as to the victim's statements at the time of the incident, and Lydia Sanchez testified that she observed Garth "beating [the victim] with a big thing in his hand." N.T. Trial, 7/30/14, at 163. Accordingly, there was overwhelming evidence to establish that Grant committed aggravated assault, such that any error in

admitting the knife could not reasonably have contributed to the verdict. **Green**, **supra**.

Finally, Garth challenges the trial court's admission of the victim's statements to firefighter and EMT John Perez regarding the fact that she was the victim of an "assault and attempted rape" and that Garth had hit her in the head several times with a brick. Garth asserts that the trial court erred in its determination that these statements were admissible under the "medical treatment and diagnosis exception" to the rule against hearsay. We disagree.

Pennsylvania Rule of Evidence 803 enumerates various exceptions to the general inadmissibility of hearsay testimony, including the one at issue here. Rule 803(4) excludes from the hearsay rule statements made for the purposes of medical diagnosis and treatment, and provides as follows.

> Rule 803. Exceptions to the Rule Against Hearsay--Regardless of Whether the Declarant Is Available as a Witness
>
> The following are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness:
>
> ...
>
> (4) Statement Made for Medical Diagnosis or Treatment. A statement that:
>
> (A) is made for – and is reasonably pertinent to – medical treatment or diagnosis in contemplation of treatment; and
>
> (B) describes medical history, past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof, insofar as reasonably pertinent to treatment, or diagnosis in contemplation of treatment.

> *Comment*: . . . This rule is not limited to statements made to physicians. Statements to a nurse have been held to be admissible. ***See*** [***Commonwealth v.*** ]***Smith***, [681 A.2d 1288 (Pa. 1996)]. Statements as to causation may be admissible, but statements as to fault or identification of the person inflicting harm have been held to be inadmissible. ***See*** [***id.***].

Pa.R.E. 803(4) (citation formatting corrected).

The following two requirements must be satisfied in order for a statement to qualify for the medical treatment exception: (1) the statement must be made for the purpose of receiving medical treatment; and (2) the statement must be necessary and proper for diagnosis and treatment. ***Commonwealth v. Belknap***, 105 A.3d 7, 11 (Pa. Super. 2014) (citation omitted).

> At trial, Firefighter Perez testified, in relevant part, as follows:
>
> Q: When you got there that night, what would have been the first step you would take as part of your protocol as a Fire Fighter EMT?
>
> A: Well, we pulled up on scene and the first thing we do is go to the patient. Once we know who the patient is, then we start assessing her and we care for her with basic life support.
>
> Q: As part of that care are you trying to get any information as to what may have happened?
>
> A: Absolutely.
>
> Q: The purpose of getting that information, what is that purpose?
>
> A: The purpose of getting information is to know what happened, what area is injured? What occurred? Did she lose consciousness? Did she know what happened, basically to give you some sort of history on what occurred.

N.T. Trial, 7/30/14, at 142-43.

Here, we can discern no error in the trial court's admission of Firefighter Perez's testimony regarding statements made to him by the victim in this case. The fact that the victim had been subjected to an assault and attempted rape was clearly pertinent to the EMT's attempt to determine the location and character of any possible injuries and to proceed with appropriate treatment. The fact that the victim stated that Garth had attempted to rape her would alert a medical provider to the fact that vaginal or other similar injuries may be present. Similarly, the victim's statement that she had been hit in the head multiple times with a brick was directly relevant to the manner in which Firefighter Perez would proceed with stabilizing and treating her. Indeed, as a result of this information, Firefighter Perez testified that he and his partner placed the victim in a board collar and transported her as a trauma victim as a precautionary measure until doctors could determine the extent of her injuries. *See* N.T. Trial, 7/30/14, at 147.

Even if the court erred in admitting this testimony, the error was harmless and would have had only a negligible impact on the verdict based on the direct testimony of the victim and witness Lydia Sanchez, which was corroborated by the testimony of the responding officers. Moreover, the reference to "attempted rape" was harmless, as Garth was acquitted of that crime.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/4/2016