J-S61007-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ARIEL COLON, JR. | |
| Appellant | No. 637 MDA 2015 |

Appeal from the Judgment of Sentence March 19, 2015
In the Court of Common Pleas of Schuylkill County
Criminal Division at No(s): CP-54-CR-0001391-2014

BEFORE: PANELLA, J., WECHT, J., and STRASSBURGER, J.[*]

MEMORANDUM BY PANELLA, J.                **FILED NOVEMBER 20, 2015**

Appellant, Ariel Colon, Jr., appeals from the judgment of sentence entered on March 19, 2015, in the Schuylkill County Court of Common Pleas, following his conviction of aggravated assault,[1] recklessly endangering another person,[2] and simple assault.[3] On appeal, Colon challenges the sufficiency of the evidence to support his convictions. We affirm.

The trial court set forth the factual history of this matter as follows.

> The evidence produced at trial revealed that the victim, Kelly Krasnitsky, went to a local bar with her friends, Holly Laudeman and James Myers. Colon was in the bar, but none of

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 2702(a)(1).
[2] 18 Pa.C.S.A. § 2705.
[3] 18 Pa.C.S.A. § 2701(a)(1).

the three friends acknowledged spending time with him in the bar.

When it was time to leave, Krasnitsky, Laudeman, Myers, and Colon all got into Laudeman's van. Laudeman testified that she did not know Colon, and there was conflicting testimony about who offered Colon a ride. As the van left the bar, Laudeman was driving; Krasnitsky was in the front passenger seat; Myers was in the rear seat behind her; and Colon was in the rear seat behind Laudeman. Myers was dropped off first. Thereafter, Colon and Krasnitsky began to argue, with Krasnitsky telling Colon that he had to get out of the van. Colon reached over and struck the left side of Krasnitsky's neck before getting out of the van.

Krasnitsky realized her neck was bleeding. She went to a friend's house where she got a towel to cover the wound, and then she was taken to a hospital emergency room.

The physician who treated her testified that she had a laceration that was twelve centimeters long on the left side of her neck. The wound had sharp edges, indicating it was made by something sharp. It was shallower at both ends than in the middle, indicating to the doctor that it was made by a slashing movement. He testified that her jugular vein and carotid artery were less than an inch from the laceration, and that had they been cut, she would not have made it to the hospital.

Colon was apprehended at his girlfriend's apartment. She consented to a search of the bedroom they shared. The police found a box of razor blades that are very sharp and can only be obtained by a licensed cosmetologist, which she was. It was a five-blade box, and two were missing. They also found the clothes he had been wearing at the bar and a blood-stained towel.

At the police station, it was discovered that Colon had a wound to his back, and he was taken to the hospital emergency room for treatment. He had been searched at the apartment immediately after being cuffed and again at the police station. Before entering the hospital, Colon was searched again. This time the officers found a razor blade in his right trouser pocket. The blade was very wet. The officers had not searched Colon's mouth during the prior searches.

Trial Court Opinion, 6/10/15 at 2-3.

A jury convicted Colon of the aforementioned charges. On March 19, 2015, the trial court sentenced Colon to an aggregate term of nine to twenty years in prison. This timely appeal followed.

The following standard governs our review of a challenge to the sufficiency of the evidence.

> As a general matter, our standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. [T]he facts and circumstances established by the Commonwealth need not be absolutely incompatible with the defendant's innocence. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

*Commonwealth v. Mauz*, 122 A.3d 1039, 1040-41 (Pa. Super. 2015) (citation omitted). "When reviewing for sufficiency of the evidence, an appellate court may not substitute its judgment for the jury's." *Commonwealth v. Mudrick*, 507 A.2d 1212, 1213 (Pa. 1986) (citation omitted).

The factfinder, while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence. *See Commonwealth v. Valentine*, 101 A.3d 801, 805 (Pa. Super. 2014). Furthermore, the Commonwealth may sustain its burden by

means of wholly circumstantial evidence. *See Commonwealth v. Diggs*, 949 A.2d 873, 877 (Pa. 2008).

Preliminarily, we must determine whether Colon has preserved his sufficiency claims for our review. "In order to preserve a challenge to the sufficiency of the evidence on appeal, an appellant's Rule 1925(b) statement must state with specificity the element or elements upon which the appellant alleges that the evidence was insufficient." *Commonwealth v. Garland*, 63 A.3d 339, 344 (Pa. Super. 2013) (citation omitted). "Such specificity is of particular importance in cases where, as here, the appellant was convicted of multiple crimes each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt." *Id*. (citation omitted).

In his Rule 1925(b) Statement of Errors Complained of on Appeal, Colon argued that the "jury's verdict in finding the Defendant guilty of Aggravated Assault, Recklessly Endangering Another Person and Simple Assault was against the sufficiency of the evidence presented at trial." Concise Statement, 5/15/15 at ¶1.[4] This blanket statement fails to satisfy the requirement that an appellant must state with specificity the elements of the crimes for which there is allegedly insufficient evidence. As Colon failed

---

[4] Although Colon included a second claim in his Concise Statement that his sentence was unduly severe, he has abandoned his claim on appeal.

to identify which elements of his convictions he was challenging, we are constrained to find his sufficiency claim waived. **See Garland**, **supra**.

Even if we were to review Colon's claim, it would not warrant relief. Colon primarily argues that he was incorrectly identified as the perpetrator of the attack on Krasnitsky. This claim, frankly, is absurd.

Not only the victim, but two additional witnesses affirmatively identified Colon as the individual in the van on the night of the incident. **See** N.T. Jury Trial, 02/09/15 at 27-30, 82, 110-11. The victim and her friends drove in the van with Colon for several blocks and the victim had a verbal altercation with Colon before he sliced her neck. **See id**. at 33-37. The victim further testified that she saw Colon's face after he exited the van on the night of the incident and that she had no doubts Colon cut her. **See id**. at 37.

Therefore, not only the victim, but multiple witnesses had an opportunity to view and identify Colon as the perpetrator of the attack. The jury clearly credited this testimony. Accordingly, Colon's claim would not merit relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/20/2015