J-S18020-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| NAFIS ANTUAN FAISON | |
| Appellant | No. 1194 MDA 2015 |

Appeal from the Judgment of Sentence April 22, 2015
In the Court of Common Pleas of Lycoming County
Criminal Division at No(s): CP-41-CR-0000147-2014

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| NAFIS ANTUAN FAISON | |
| Appellant | No. 1442 MDA 2015 |

Appeal from the Judgment of Sentence April 27, 2015
In the Court of Common Pleas of Lycoming County
Criminal Division at No(s): CP-41-CR-0001495-2014

BEFORE:  BOWES, J., LAZARUS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED MAY 09, 2016**

Nafis Antuan Faison appeals from the judgments of sentence imposed

by the Court of Common Pleas of Lycoming County following two separate

_____

[*] Retired Senior Judge assigned to the Superior Court.

trials for drug related offenses.[1]  After careful review of both, we affirm as follows:

### Case at 1194 MDA 2015

Evidence introduced at trial established that on four occasions between July 7, 2009, and August 21, 2009, a confidential informant (CI) purchased heroin from Faison in Williamsport, Pennsylvania.  Before each purchase, she would call Faison on his cell phone to arrange the exchange.

Although the transactions occurred in the summer of 2009, Faison was not arrested until December 12, 2013.  He was released on bail on July 14, 2014.

On February 23, 2015, a jury convicted Faison of eight counts of possession with intent to deliver (PWID),[2] four counts of possession,[3] and four counts of criminal use of a communication facility[4]

On April 22, 2015, the trial court imposed an aggregate sentence of twenty-eight months' to eight years' incarceration, but noted that because Faison was RRRI eligible, the sentence was reduced to 21 months.  By amended order dated June 25, 2015, the court stated that the underlying

_____

[1] On September 28, 2015, this Court consolidated the appeals *sua sponte*. **See** Pa.R.A.P. 513.

[2] 35 P.S. § 780-113(a)(30).

[3] 35 P.S. § 780-113(a)(16).

[4] 18 Pa.C.S. § 7512(a).

sentence would remain the same, but it was correcting a miscalculation in the computation of the RRRI eligibility, which should be one year, eleven months and ten days rather than 21 months.

This timely appeal follows, in which Faison asserts that the Commonwealth failed to present sufficient evidence to prove beyond a reasonable doubt that on four separate occasions he committed the offenses set forth above.

> As a general matter, our standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. The facts and circumstances established by the Commonwealth need not be absolutely incompatible with the defendant's innocence. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

***Commonwealth v. Mauz***, 122 A.3d 1039, 1040-41 (Pa. Super. 2015) (citation omitted).

Faison asserts that the Commonwealth failed to establish beyond a reasonable doubt that he was guilty of possession and PWID, which are defined, in relevant part, as follows:

**§780-113  Prohibited Acts**

. . .

(a)(16)    Knowingly or intentionally possessing a controlled substance . . , by a person not registered under this act[.]

. . .

(a)(30)    Except as authorized by this act, the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act[.]

35 P.S. § 780-113(a)(16),(30).

"In drug possession cases, the Commonwealth must prove that a defendant had knowing or intentional possession of controlled substance." ***Commonwealth v. Valette***, 613 A.2d 548, 549-50 (Pa. 1992).

"To convict a person of PWID, the Commonwealth must prove beyond a reasonable doubt that the defendant possessed a controlled substance and did so with the intent to deliver it." ***Commonwealth v. Bricker***, 882 A.2d 1008, 1015 (Pa. 2005). "In determining whether there is sufficient evidence to support a PWID conviction, all facts and circumstances surrounding the possession are relevant, and the Commonwealth may establish the essential elements of the crime wholly by circumstantial evidence." ***Id.*** "Factors to consider in determining whether the drugs were possessed with the intent to deliver include the particular method of packaging, the form of the drug, and the behavior of the defendant." ***Commonwealth v. Kirkland***, 831 A.2d 607, 611 (Pa. Super. 2003).

Faison also challenges his conviction for criminal use of a communication facility, which is defined in the Crimes Code, as follows:

### § 7512.  Criminal use of communication facility

(a)    **Offense defined. –** A person commits a felony of the third degree if that person uses a communications facility to commit, cause or facilitate the commission or the attempt thereof of any crime which constitutes a felony under this title or the act of April 14, 1972 (P.L. 233, No. 64), known as The Controlled Substance, Drug, Device and Cosmetic Act.  Every instance where the communication

> facility is utilized constitutes a separate offense under this section.

18 Pa.C.S. § 7512(a).

Where the record establishes that defendant engaged in telephone conversations with a CI and those telephone conversations facilitated a controlled buy between the defendant and the CI, the evidence is sufficient to sustain a conviction for criminal use of communication facility. **Commonwealth v. Moss**, 852 A.2d 384 (Pa. Super. 2004).

Here, the CI testified that on four occasions, while in the presence of a state trooper, she called Faison on his cell phone and arranged to meet him to purchase heroin. Each time she would pick Faison up at a designated spot and drive a few blocks where the exchange would occur in the CI's vehicle. Faison would then exit the CI's vehicle and she would call a trooper to inform him that the transaction was completed. Troopers would then escort the CI's vehicle to the barracks where the CI would hand over the heroin.

Although no state troopers actually witnessed the exchange of money for heroin, they were in the general area of the transactions and kept the CI's vehicle under surveillance.

At trial, the parties stipulated that laboratory analysis of packets obtained on four dates contained the following amounts of heroin: .21 grams; .84 grams; .31 grams; and .39 grams.

The jury heard testimony that the CI pled guilty to theft by deception, forgery and theft by unlawful taking in 2008. The CI also testified that

during the time when she was making the controlled heroin buys, she was on probation and using crack cocaine. She further testified that the troopers would pay her in cash after she returned to the barracks with the heroin she purchased from Faison. Nevertheless, it is clear that the jury found the CI credible with respect to the offenses charged. It is well settled that "the determination of the credibility of a witness is within the exclusive province of the jury." ***Commonwealth v. Crawford***, 718 A.2d 768, 772 (Pa. 1998).

The CI's testimony, which was corroborated by several state troopers, was sufficient to establish that on four occasions, Faison sold heroin to the CI after using his cell phone to arrange the sales.

Accordingly, no relief is due on his challenges to the sufficiency of the evidence supporting his convictions.[5]

### Case at 1442 MDA 2015

On August 6, 2014, police saw Faison, while released on bail, leave an apartment where a confidential informant recently purchased crack cocaine. Corporal Jeffrey Paulhamus of the Williamsport Bureau of Police stopped Faison in a nearby parking lot. A pat down revealed that Faison had

---

[5] In his summary of the argument, Faison states: "The trial court erred when the court denied [Faison's] motion for a mistrial since the Commonwealth failed to disclose the criminal record of the confidential informant until the morning of trial." Appellant's Brief, at 15. Faison has not included this issue in his statement of questions involved or in the argument section of his brief. Accordingly, the issue is waived. ***See Giant Markets, Inc. v. Sigma Marketing Systems, Inc***., 459 A.2d 765, 771 n.2 (Pa. Super. 1983).

$503.00 in cash, mostly in $20.00 bills. Corporal Paulhamus took Faison to City Hall where he subjected Faison to an additional search that revealed a plastic sandwich bag containing 6.89 grams of cocaine tied to the top button of Faison's pants.

Faison was charged with PWID cocaine, possession of cocaine and possession of drug paraphernalia.[6] On April 20, 2015, a jury found Faison guilty of these offenses. On April 27, 2015, the court sentenced Faison to twenty-two to forty-four months' incarceration followed by five years' probation.

This timely appeal followed, in which Faison raises the following issues for our review:

1. Did the trial court err when it denied [Faison's] motion to suppress when officers lacked reasonable suspicion or probable cause to lawfully detain or arrest [Faison], thereby violating his rights against unreasonable searches and seizures guaranteed by both Article 1, § 8 of the Pennsylvania Constitution and the Fourth Amendment to the United States Constitution?

2. Did the Commonwealth fail to present sufficient evidence at trial to prove beyond a reasonable doubt that [Faison] violated 35 P.S. § 780-113(a)(30), the manufacture, delivery, or possession with intent to deliver a controlled substance, when it failed to present sufficient evidence that [Faison] had the intent to deliver?

Appellant's Brief, at 11.

---

[6] 35 Pa.C.S. 780-113(a)(32).

Faison challenges the trial court's denial of his motion to suppress. Our standard for reviewing an order denying a motion to suppress is as follows:

> We are limited to determining whether the lower court's factual findings are supported by the record and whether the legal conclusions drawn therefrom are correct. We may consider the evidence of the witnesses offered by the Commonwealth, as verdict winner, and only so much of the evidence presented by defense that is not contradicted when examined in the context of the record as a whole. We are bound by facts supported by the record and may reverse only if the legal conclusions reached by the court were erroneous.

***Commonwealth v. Hughes***, 908 A.2d 924, 927 (Pa. Super. 2006).

Here, the trial court concluded that Faison was "initially subject to an investigative detention, not a custodial one." Trial Court Opinion, 10/1/15, at 2. "An 'investigative detention' must be supported by a reasonable suspicion; it subjects a suspect to a stop and a period of detention, but does not involve such coercive conditions as to constitute the functional equivalent of an arrest." ***Commonwealth v. Ellis***, 662 A.2d 1043, 1047 (Pa. 1995) (citations omitted).

> Reasonable suspicion is a less stringent standard than probable cause necessary to effectuate a warrantless arrest, and depends on the information possessed by police and its degree of reliability in the totality of the circumstances. In order to justify the seizure, a police officer must be able to point to specific and articulable facts leading him to suspect criminal activity is afoot. In assessing the totality of the circumstances, courts must also afford due weight to the specific, reasonable inferences drawn from the facts in light of the officer's experience and acknowledge that innocent facts, when considered collectively, may permit the investigative detention. The determination of whether an officer had reasonable suspicion that criminality was afoot so as to justify an investigatory detention is an objective

one, which must be considered in light of the totality of the circumstances.

***Commonwealth v. Holmes***, 14 A.3d 89, 95-96 (Pa. 2011) (quotations and citations omitted).

With respect to the existence of reasonable suspicion, the trial court noted:

> Here, police reasonably suspected that [Faison] was engaged in the sale of controlled substances. [Detective Alberto] Diaz observed a [woman] exit the apartment less than two minutes after entering it. After the [woman] exited, [Randell] Peterson stepped out of the apartment and looked around. Diaz testified that it looked like a drug deal occurred. [Faison] was in the apartment during the suspected drug deal. Later, a CI bought cocaine inside the apartment. [Faison] was also in the apartment during this deal.
>
> After the CI deal, Diaz observed Peterson and [Faison] converse outside of the apartment. This shows an association between Peterson and [Faison]. Diaz later observed what he suspected was [Faison] handing currency to Peterson. The sale of cocaine to the CI, the presence of [Faison] during the sale, the movement of various people in and out of the apartment, [Faison's] conversations with Peterson, and [Faison] handing money to Peterson provided the police with reasonable suspicion that [Faison] was engaged in the sale of drugs.

Trial Court Opinion, 1/14/15, at 4-5.

Based on the totality of the circumstances, ***see Holmes***, ***supra***, we cannot say that that trial court's conclusions were erroneous. ***See Hughes***, ***supra***. Accordingly, the trial court properly determined that police had reasonable suspicion to detain Faison.

Faison also asserts that the Commonwealth failed to establish beyond a reasonable doubt that he was guilty of PWID.

The trial court summarized the evidence supporting the PWID conviction as follows:

> [Officer Justin] Snyder, [Corporal Jeffrey] Paulhamus, and [Detective John Ferster] testified that [Faison] did not appear to be under the influence of drugs when they came into contact with him on August 6, 2014. Officer [Jeremy] Brown qualified as an expert in the field of possession and distribution of illegal narcotics. In Brown's opinion, the cocaine was intended for delivery. The following circumstances led him to that opinion. [Faison] had a burner application on his phone. Seven grams of cocaine is a large quantity of cocaine, and drug users usually have smaller amounts. The cocaine was worth $300 to $400 and could have been worth more if it was divided and sold in smaller amounts. [Faison] did not have personal use drug paraphernalia. He did have bills, which are commonly used as drug paraphernalia for cocaine, but none of the bills looked as if they had been used to ingest cocaine. Users put drugs in their pockets, but cocaine was found in [Faison's] crotch. Users are broke, but [Faison] had $503.00.

Trial Court Opinion, 8/14/15, at 6.

In light of this evidence, the Commonwealth established that Faison possessed cocaine with the intent to deliver. *See Bricker*, *supra*.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/9/2016

- 10 -