J-S29016-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| STEVEN LAWRENCE HURD | |
| Appellant | No. 1111 WDA 2015 |

Appeal from the Judgment of Sentence July 9, 2015
In the Court of Common Pleas of McKean County
Criminal Division at No(s): CP-42-CR-0000664-2014

BEFORE:  BENDER, P.J.E., PANELLA, J., and FITZGERALD, J.[*]

MEMORANDUM BY PANELLA, J.                    **FILED JUNE 1, 2016**

Appellant, Steven Lawrence Hurd, appeals from the judgment of sentence entered July 9, 2015, in the Court of Common Pleas of McKean County, following his conviction of criminal use of a communication facility.[1] After review, we reverse Hurd's judgment of sentence.

By information filed on December 11, 2014, Appellant was charged with ten counts of possession of child pornography,[2] ten counts of dissemination of child pornography,[3] and one count of criminal use of a communication facility. At the close of the bench trial, Appellant made an oral motion for judgment of acquittal of the ten counts of possession of child

---

[*] Former Justice specially assigned to the Superior Court.
[1] 18 Pa.C.S.A. § 7512(a).
[2] 18 Pa.C.S.A. § 6312(d).
[3] 18 Pa.C.S.A. § 6312(c).

pornography and ten counts of dissemination of child pornography, at counts 1-20 of the information. The trial court granted Appellant's motion for judgment of acquittal as to those counts,[4] but found Appellant guilty of the remaining count of criminal use of a communication facility. At sentencing, Appellant made an oral motion for extraordinary relief, requesting that the trial court set aside the verdict due to insufficient evidence. The trial court denied Appellant's motion, and sentenced Appellant to 11½ to 21½ months' incarceration. This timely appeal followed.

On appeal, Appellant argues that the evidence was insufficient to support his conviction of criminal use of a communication facility.

> As a general matter, our standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. [T]he facts and circumstances established by the Commonwealth need not be absolutely incompatible with the defendant's innocence. Any doubt about the defendant's guilt is to be resolved by the fact finder unless

_____

[4] Each count of possession of child pornography and dissemination of child pornography charged in the information related to a specific computer file. **See** Information, 12/11/14. Although the Commonwealth introduced into evidence over 90 images of suspected child pornography at trial, the trial court determined that the Commonwealth failed to associate a particular image or file with its corresponding count charged in the information. **See** N.T., Bench Trial, 6/1/15 at 86-87. The court further determined that the Commonwealth failed to sufficiently establish that some of the images constituted child pornography. **See id**.

the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

*Commonwealth v. Mauz*, 122 A.3d 1039, 1040-41 (Pa. Super. 2015) (citation omitted).

The offense of criminal use of a communication facility is defined as follows:

> A person commits a felony of the third degree if that person uses a communication facility to commit, cause or facilitate the commission or the attempt thereof of any crime which constitutes a felony under this title or under the act of April 14, 1972 (P.L. 233, No. 64), known as The Controlled Substance, Drug, Device and Cosmetic Act. Every instance where the communication facility is utilized constitutes a separate offense under this section.

18 Pa.C.S.A. § 7512. Thus, to support of conviction under Section 7512, the Commonwealth must establish beyond a reasonable doubt that

> (1) Appellant[] knowingly and intentionally used a communication facility; (2) Appellant[] knowingly, intentionally or recklessly facilitated an underlying felony; and (3) the underlying felony occurred. … Facilitation has been defined as "any use of a communication facility that makes easier the commission of the underlying felony."

*Commonwealth v. Moss*, 852 A.2d 374, 382 (Pa. Super. 2004) (internal citations omitted).

Here, although the Commonwealth introduced into evidence images of alleged child pornography recovered from Appellant's computer, the Commonwealth failed to satisfy its burden of proof to support the occurrence of the underlying felonies and the trial court granted Appellant's motion for judgment of acquittal of the possession and dissemination of child

pornography charges. "If the underlying felony never occurs, then [an Appellant has] facilitated nothing and cannot be convicted under § 7512." *Id*., at 382. Absent proof beyond a reasonable doubt that Appellant committed or facilitated the commission of an underlying felony, his conviction of criminal use of a communication facility cannot stand.

Judgment of sentence reversed. Appellant discharged. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/1/2016