J-S12006-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| JEFFREY DENNIS | |
| Appellant | No. 1506 MDA 2016 |

Appeal from the Judgment of Sentence August 19, 2016
In the Court of Common Pleas of Mifflin County
Criminal Division at No(s): CP-44-CR-0000583-2015

BEFORE:  PANELLA, J., OTT, J., and MUSMANNO, J.

MEMORANDUM BY PANELLA, J.                    **FILED MARCH 22, 2017**

Appellant, Jeffrey Dennis, appeals from the judgment of sentence entered after a jury found him guilty of possessing an artificial cannabinoid with the intent to deliver. Additionally, Dennis's appointed counsel, Stuart A. Cilo, Esq., has filed a petition to withdraw as counsel pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). We affirm Dennis's judgment of sentence and grant counsel's petition to withdraw.

Attorney Cilo has substantially complied[1] with the mandated procedure for withdrawing as counsel. ***See id***., at 361 (articulating ***Anders***

_____

[1] Counsel failed to cite to the record for the procedural history of this matter. Counsel's oversight has not impeded our review of this relatively simple
*(Footnote Continued Next Page)*

requirements); ***Commonwealth v. Daniels***, 999 A.2d 590, 594 (Pa. Super. 2010) (providing that counsel must inform client by letter of rights to proceed once counsel moves to withdraw and append a copy of the letter to the petition). Dennis has not filed a response to counsel's petition to withdraw.

In his ***Anders*** brief, counsel discusses three possible issues for appeal. First, he addresses the sufficiency of the evidence supporting Dennis's conviction.

> As a general matter, our standard of review of sufficiency claims require that we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. [T]he facts and circumstances established by the Commonwealth need not be absolutely incompatible with the defendant's innocence. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

***Commonwealth v. Mauz***, 122 A.3d 1039, 1040-41 (Pa. Super. 2015) (citation omitted).

The jury convicted Dennis of possessing a designer drug with the intent to distribute it. ***See*** 35 P.S. § 780-113(a)(36). At least one of the

*(Footnote Continued)* ————————

criminal prosecution, and we therefore proceed to address the issues before us.

defense strategies at trial involved attacking the Commonwealth's proof that the compound found in Dennis's possession was a designer drug. Designer drugs are defined as substances other than those explicitly listed in the schedules contained in the Controlled Substance, Drug, Device and Cosmetic Act ("the Act"), and which either share a substantially similar chemical structure to a listed drug, or which cause a substantially similar effect as a listed drug. *See* 35 P.S. § 780-102.

The Commonwealth presented the expert testimony of forensic scientist John Evans. Evans testified that the substance found in Dennis's possession was determined to be a synthetic cannabinoid known as AB-CHMINACA. *See* N.T., Jury Trial, 7/12/16, at 39-40.

The Commonwealth also presented the expert testimony of toxicologist J. Ward Donovan, M.D. Dr. Donovan testified that AB-CHMINACA has a chemical structure that is substantially similar to marijuana, a drug that is explicitly listed in the schedules of the Act. *See id*., at 33. It therefore has a similar, if more powerful, effect as marijuana when used by a human. *See id*.

This testimony is sufficient to support the jury's finding that Dennis possessed AB-CHMINACA and that the cannabinoid is a designer drug under the Act. We therefore agree with counsel that this issue lacks arguable merit.

Next, counsel identifies a ruling on a motion *in limine* that permitted a police detective to testify as an expert on the effect AB-CHMINACA has when used by a human. Dennis argued against the qualification of the detective as an expert on two grounds. First, he asserted that detective's knowledge was based purely on hearsay from arrestees. Second, he argued that the detective could not positively link any of his knowledge directly to AB-CHMINACA, as opposed to artificial cannabinoids in general.

However, as counsel notes in his **Anders** brief, any problem with this ruling was nullified when the Commonwealth called Dr. Donovan to testify regarding AB-CHMINACA. We therefore agree that this issue lacks arguable merit.

Finally, counsel identifies a dispute at sentencing regarding Dennis's date of birth. This dispute was relevant to the computation of Dennis's prior record score due to a conviction for receiving stolen property that might have been a juvenile adjudication. However, even assuming that the conviction was a juvenile adjudication, Dennis's prior record score for the current sentence would have been "repeat felon," or RFEL, according the guidelines. **See** N.T., Sentencing, 8/19/16, at 3-4. No other issues were raised at sentencing or in a post-sentence motion. We therefore agree with counsel's conclusion that this issue lacks arguable merit.

After examining the issues contained in the ***Anders*** brief and undertaking our independent review of the record, we concur with counsel's assessment that the appeal is wholly frivolous.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/22/2017