J-S70002-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DINA DELONG | : | |
| | : | |
| Appellant | : | No. 872 MDA 2017 |

Appeal from the Judgment of Sentence May 3, 2017
In the Court of Common Pleas of Berks County
Criminal Division at No(s):  CP-06-SA-0000112-2017

BEFORE:  GANTMAN, P.J., SHOGAN, J., and OTT, J.

MEMORANDUM BY GANTMAN, P.J.:                    **FILED NOVEMBER 21, 2017**

Appellant, Dina Delong, appeals from the judgment of sentence entered in the Berks County Court of Common Pleas, following her non-jury trial conviction for the summary offense of disorderly conduct.[1]  We affirm.

The trial court opinion sets forth the relevant facts and procedural history of this case as follows:

> Appellant Dina Delong is the resident of a property located at 1226 Cleveland Street, Reading, Berks County Pennsylvania.  On or about July 10, 2016, Appellant's neighbor had [her] porch power-washed, and following the power-washing Appellant went onto her adjoining porch and scooped debris onto a magazine and threw it onto her neighbors' freshly [power-]washed porch.  Appellant's neighbor called the police and Appellant was issued a citation for disorderly conduct (hazardous/physically

---

[1] 18 Pa.C.S.A. § 5503(a)(4).

offensive condition) under 18 Pa.C.S.A. Section 5503(a)(4).

On March 9, 2017, a summary trial was held before Magisterial District Judge Nicholas M. Bentz, Jr. Appellant was found guilty at the trial and timely appealed to Common Pleas Court. A *de novo* hearing was held in this Court on May 3, 2017. Following testimony, this [c]ourt found Appellant guilty.

(Trial Court Opinion, filed July 24, 2017, at 1). The court ordered Appellant to pay a $50.00 fine and court costs. Appellant timely filed a notice of appeal on May 26, 2017. On June 6, 2017, the court ordered Appellant to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b), which Appellant filed on June 13, 2017.

Appellant raises the following issues for our review:

WHERE APPELLANT PUTS DEBRIS FOUND ON HER PORCH BACK ONTO HER NEIGHBOR'S ADJOINING PORCH WHICH SHE ASSUMES CAME FROM THE POWER WASHING OF HER NEIGHBOR'S PORCH, IS THE EVIDENCE INSUFFICIENT TO SUSTAIN THE VERDICT OF GUILTY OF DISORDERLY CONDUCT (HAZARDOUS/PHYSICIALLY OFFENSIVE CONDITION), 18 PA.C.S.A. SECTION 5503(A)(4), FOR THE FOLLOWING REASONS:

(1) APPELLANT'S ACTIONS DID NOT CREATE A HAZARDOUS OR PHYSICALLY OFFENSIVE CONDITION BY ANY ACT WHICH SERVED NO LEGITIMATE PURPOSE[?]

(2) APPELLANT DID NOT ACT WITH INTENT TO…CREATE PUBLIC INCONVENIENCE, ANNOYANCE OR ALARM, OR RECKLESSLY CREATE A RISK THEREOF[?]

(Appellant's Brief at 5).

When examining a challenge to the sufficiency of the evidence, our

standard of review is as follows:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Jones*, 874 A.2d 108, 120-21 (Pa.Super. 2005) (quoting *Commonwealth v. Bullick*, 830 A.2d 998, 1000 (Pa.Super. 2003)).

Appellant argues she found debris on her porch, which she assumed came from the power-washing of her neighbors' porch, and put that debris back onto her neighbors' porch. Appellant contends her actions did not create a hazardous or physically offensive condition. Likewise, Appellant submits she did not intend to or risk or create a public inconvenience, annoyance or alarm. Appellant concedes her actions were un-neighborly but they were not disorderly and did not occur in the "public arena," but on

private property, so there was no public disturbance. Appellant concludes the Commonwealth did not present sufficient evidence to sustain her summary conviction for disorderly conduct, and this Court must reverse her conviction and judgment of sentence. We disagree.

The Pennsylvania Crimes Code defines disorderly conduct as follows:

**§ 5503.    Disorderly conduct**

**(a)    Offense defined.—**A person is guilty of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he:

\*    \*    \*

(4) creates a hazardous or physically offensive condition by any act which serves no legitimate purpose of the actor.

**(b)    Grading.—**An offense under this section is a misdemeanor of the third degree if the intent of the actor is to cause substantial harm or serious inconvenience, or if he persists in disorderly conduct after reasonable warning or request to desist. Otherwise disorderly conduct is a summary offense.

**(c)    Definition.—**As used in this section the word "public" means affecting or likely to affect persons in a place to which the public or a substantial group has access; among the places included are highways, transport facilities, schools, prisons, apartment houses, places of business or amusement, any neighborhood, or any premises which are open to the public.

18 Pa.C.S.A. § 5503(a)(4)-(c).

Although Section 5503 as a whole is aimed at preventing public disturbance, it accomplishes this aim by focusing upon certain **individual** acts, which, if pursued with the

intent to cause public inconvenience, annoyance, or alarm, or recklessly creating a risk thereof, constitute the offense of disorderly conduct. These individual acts focus upon the offender's **behavior***.*

***Commonwealth v. Fedorek***, 596 Pa. 475, 487, 946 A.2d 93, 100 (2008) (emphasis in original). In other words, a violation of this statute must involve some jeopardy to the public peace. ***Commonwealth v. Mauz***, 122 A.3d 1039, 1041 (Pa.Super. 2015).

To prove intent, the Commonwealth must establish the defendant, by her actions intentionally or recklessly created a risk of causing or caused a public inconvenience, annoyance or alarm. ***Commonwealth v. Maerz***, 879 A.2d 1267 (Pa.Super. 2005). Intent may be shown by "a reckless disregard of the risk of public inconvenience, annoyance, or alarm, even if the [defendant's] intent was to send a message to a certain individual, rather than to cause public inconvenience, annoyance, or alarm." ***Id.*** at 1269. To establish recklessness, the defendant's actions must show a "conscious disregard of a substantial and unjustifiable risk that public annoyance or alarm would result from her conduct, or a gross deviation from the standard of conduct that a reasonable person would observe in her situation." ***Commonwealth v. Troy***, 832 A.2d 1089, 1094 (Pa.Super. 2003) (quoting ***Commonwealth v. Weiss***, 490 A.2d 853, 857 (Pa.Super. 1985)). "The reckless creation of a risk of public alarm, annoyance or inconvenience is as criminal as actually causing such sentiments." ***Commonwealth v. Reynolds***, 835 A.2d 720, 731 (Pa.Super. 2003). A porch of a house can be

considered a public place in this context, where it is generally accessible to the public, such as mail carriers, delivery persons, guests, invitees, solicitors, *etc.* ***See generally Commonwealth v. Gibbs***, 981 A.2d 274, 280 (Pa.Super. 2009), *appeal denied*, 607 Pa. 690, 3 A.3d 670 (2010).

Instantly, the trial court reasoned:

> Here, Appellant is mistaken in the assertion that "Appellant did not act with intent to create or create public inconvenience. annoyance or alarm, or recklessly create a risk thereof." The Supreme Court has determined that intent to cause serious inconvenience to a single individual is sufficient for conviction. This [c]ourt determined, based on the evidence, that Appellant intended to create annoyance or inconvenience to her neighbor.
>
> This [c]ourt assessed the evidence, which included a video of Appellant's actions, and determined that Appellant acted with the intent to cause a physically offensive condition to her neighbor. This [c]ourt further believes that Appellant's actions had no legitimate purpose, but instead were for the sole purpose of causing physical offense to her neighbor.

(Trial Court Opinion at 3). The record supports the court's decision. Here, Appellant dumped debris on her neighbor's porch after her neighbor had just had her porch power-washed. Both sides of the shared porch were accessible to the general public and divided only by a railing. Therefore, for purposes of this statute, the scooping and dumping took place in a "public arena." Accordingly, we affirm.

Judgment of sentence affirmed.

Judge Ott joins this memorandum.

Judge Shogan notes her dissent.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/21/2017