J-A22005-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KARL W. HAUSCH, | |
| Appellant | No. 252 EDA 2018 |

Appeal from the Judgment of Sentence December 15, 2017
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-SA-0000460-2017

BEFORE: BENDER, P.J.E., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.: **FILED DECEMBER 05, 2018**

Appellant, Karl W. Hausch, appeals from the judgment of sentence of a $300.00 fine, imposed following his conviction for disorderly conduct, 18 Pa.C.S. § 5503(a)(1). After careful review, we affirm.

The trial court summarized the facts adduced at trial as follows:

> At the hearing before the undersigned on December 15, 2017, Christiaan Daleus testified that on April 14, 2017, he was working as a machine operator and truck driver for Victory Gardens at their mulch yard located in Falls Township, Bucks County, Pennsylvania, when he had a physical altercation with Appellant. Daleus was driving a large tractor–trailer when Appellant, who was delivering fuel to the yard, parked his fuel truck in a spot that prevented Daleus from backing up and loading his tractor-trailer. As a result, words were exchanged, and according to Daleus, Appellant told him "to go F myself" and came around to the driver's side of the truck and started yelling and cursing at him. When Daleus got out of his truck and laughed at

_____

[*] Former Justice specially assigned to the Superior Court.

Appellant and told him he "was acting like a baby," Appellant "threw this giant log, bigger than a baseball bat," hitting Daleus on the arm and slightly cutting him. Daleus then grabbed a shovel that was on a piece of machinery that Appellant had climbed onto and threw it at Appellant, apparently hitting him. Daleus then moved Appellant's fuel truck "a hundred feet down the road so it would be out of the way because I knew the cops were coming and he had the road blocked up and he was not leaving the yard." Daleus and Appellant were both subsequently issued citations for disorderly conduct, to which Daleus pleaded guilty. [N.T., 12/15/17, at 3-20].

Officer Michael Parnes of the Falls Township Police Department testified that he was called to the Victory Gardens lot in Falls Township on April 14, 2017. He observed that Daleus was agitated and upset, and had a minor cut on his arm, allegedly from blocking a log thrown at him by Appellant. Although he did not identify or find the specific log allegedly thrown by Appellant at Daleus, Officer Parnes observed "multiple logs" lying on the ground in the area. Appellant then related to Officer Parnes that Daleus had thrown a shovel at him, and Officer Parnes observed a minor cut on Appellant's lip. He issued both Daleus and Appellant citations for disorderly conduct. [*Id.* at 22-28].

Appellant testified that he arrived at the yard to make fuel deliveries to the various equipment located there when a tractor-trailer drove by him quickly and "in an unsafe manner." The tractor-trailer then backed up and the driver yelled at him, "You're in my fucking way again." Appellant stated that as he went around the front of the truck to alert Rene, one of the machine operators at the yard, Daleus started to threaten and curse at him. Appellant said he tried to get away from Daleus who followed … him, and Appellant eventually climbed up onto a log chipping machine to make Rene aware that Daleus was chasing him. When Appellant jumped off the machine, Daleus threw the metal shovel object at him[,] which hit him in the lip. They exchanged some more heated words and Daleus then walked away. Rene then gave his cell phone to Appellant who called 9-1-1 and stated to the operator that Daleus "almost chopped his head off." Appellant denied throwing a log or anything at Daleus. [*Id.* at 31-50].

Trial Court Opinion ("TCO"), 2/16/18, at 2-4.

At the end of the trial, the court found Appellant guilty of disorderly conduct, and immediately sentenced him to pay a fine of $300.00 and the costs of prosecution. Appellant filed a timely notice of appeal on January 23, 2018, and submitted a timely, court-ordered Pa.R.A.P. 1925(b) statement on February 6, 2018. The trial court issued its Rule 1925(a) opinion on February 16, 2018.

Appellant now presents the following question for our review:

Whether a judgment of acquittal or a new trial should be granted because the verdict was based on insufficient evidence provided at trial to prove that [Appellant] recklessly created a risk of public inconvenience, annoyance or alarm by engaging in fighting or threatening, or in violent or tumultuous behavior under 18 Pa.C.S.[] § 5503(a)(1)?

Appellant's Brief at 4.

Our standard of review of sufficiency claims is well-settled:

A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law. When reviewing a sufficiency claim[,] the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

*Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa. 2000) (internal citations omitted).

The disorderly conduct statute reads, in pertinent part, as follows:

**(a) Offense defined.--**A person is guilty of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he:

(1) engages in fighting or threatening, or in violent or tumultuous behavior;

…

(3) uses obscene language, or makes an obscene gesture;

…

**(c) Definition.--**As used in this section the word "public" means affecting or likely to affect persons in a place to which the public or a substantial group has access; among the places included are highways, transport facilities, schools, prisons, apartment houses, places of business or amusement, any neighborhood, or any premises which are open to the public.

18 Pa.C.S. § 5503.

Appellant's argument is three-fold. First, he claims that the altercation did not occur in a public setting within the meaning of the disorderly conduct statute. Second, he asserts that the Commonwealth failed to prove that he acted with the requisite "intent to cause public inconvenience, annoyance or alarm." 18 Pa.C.S. § 5503(a). Third, Appellant argues that he did not engage in "fighting or threatening, or in violent or tumultuous behavior[.]" 18 Pa.C.S. § 5503(a)(1).

Appellant contends that the altercation between Christiaan Daleus and himself did not occur in 'public' within the meaning of the disorderly conduct statute. Appellant argues that the "mulch yard is a private lot and not in a residential neighborhood or in a place where [he] would expect other members of the public or a substantial group to be." Appellant's Brief at 12. The trial court rejected this argument, reasoning:

> According to the statute, "the word 'public' means affecting or likely to affect persons in a place to which the public or a substantial group has access," and this includes "places of business ... or any premises which are open to the public." [18 Pa.C.S. § 5503(c).] It is obvious that the Victory Gardens mulch yard in Falls Township is a "place of business" to which the "public or a substantial group" of people such as landscapers, arborists and mulch delivery services "has access." [*Id.*] The Victory Gardens yard is not a private institution or location that was only open to particular individuals by specific invitation or arrangement.

TCO at 7.

We agree with the trial court. As a place of business to which the public had free access, Victory Gardens is clearly a "public" area for purposes of the disorderly conduct statute, even if privately owned. *See Commonwealth v. Whrienour*, 751 A.2d 687, 688 (Pa. Super. 2000) (holding that a private road in a gated community was still a public area for purposes of the disorderly conduct statute, where "the road was located in a neighborhood, whatever its legal constitution, and was traversed by members of the community and their invitees or licensees"). We disagree with Appellant's assertion that this case is more similar to *Commonwealth v. Mauz*, 122 A.3d 1039 (Pa. Super. 2015), where this Court reversed a conviction for disorderly conduct. In *Mauz*, the defendant, standing near the front door to his own home, accosted his neighbor with obscene language. We found this insufficient to support a disorderly conduct conviction because "both the speaker and recipient of the offensive remarks were present in respective private yards." *Mauz*, 122 A.3d at 1042. Here, neither Appellant nor Daleus were on their own private

property. Instead, they were both at a place of business that was open to the public. Accordingly, this aspect of Appellant's sufficiency claim lacks merit.

Next, Appellant asserts that the Commonwealth failed to provide sufficient evidence of the *mens rea* element of disorderly conduct, that he "inten[ded] to cause public inconvenience, annoyance or alarm[.]" 18 Pa.C.S. § 5503(a). He argues that Victory Gardens is not a location where he expected other members of the public to be and, thus, that he did not have the intent to annoy the public. This argument is largely reliant on Appellant's characterization of Victory Gardens as a purely private facility, which, as noted above, it is not. Moreover, the disorderly conduct statute does not merely prohibit conduct specifically intended to cause public inconvenience, annoyance, or alarm. Rather, it also prohibits "recklessly creating a risk thereof." ***Id.*** "A person acts recklessly with respect to a material element of an offense when he consciously disregards a substantial and unjustifiable risk that the material element exists or will result from his conduct." 18 Pa.C.S. § 302(b)(3). Thus, sufficient evidence of Appellant's intent is established where it could be shown that he consciously disregarded a substantial and unjustifiable risk that some member of the public would be inconvenienced, annoyed, or alarmed by his behavior. Daleus testified that Appellant was yelling and cursing and then threw a log at him. A reasonable person would understand that such behavior risks annoying or alarming other individuals in the vicinity. At a minimum, it annoyed and/or alarmed Daleus. "The specific intent requirement of this statute 'may be met by a showing of a reckless

disregard of the risk of public inconvenience,' annoyance, or alarm, even if the appellant's intent was to send a message to a certain individual, rather than to cause public inconvenience, annoyance, or alarm." *Commonwealth v. Maerz*, 879 A.2d 1267, 1269 (Pa. Super. 2005). Appellant's yelling, cursing, and physical assault, although all directed at one individual, were acts that were sufficient to demonstrate his reckless disregard of the risk of causing public inconvenience, annoyance, or alarm, given the fact that he was in a place of business that was open to the public. This aspect of Appellant's sufficiency claim also lacks merit.

Finally, Appellant contends that he did not engage in "fighting" within the meaning of the disorderly conduct statute. He asserts that, "based on [Appellant]'s version of events, he did not engage in any fighting or threatening, or in violent or tumultuous behavior." Appellant's Brief at 13. However, it is clear that the judge, sitting as factfinder, did not find Appellant's testimony credible. *See* TCO at 6 (finding that "it was clear that Appellant and Daleus engaged in threatening behavior toward each other, if not outright fighting, … and we did not find Appellant's assertions to the contrary credible or convincing"). "[I]t is for the fact-finder to make credibility determinations, and the finder of fact may believe all, part, or none of a witness's testimony." *Commonwealth v. Thompson*, 934 A.2d 1281, 1285 (Pa. Super. 2007). Accordingly, this issue is meritless.

Judgment of sentence *affirmed*.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/5/18</u>