J-S44019-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DUNG THACH, | |
| Appellant | No. 3024 EDA 2014 |

Appeal from the Judgment of Sentence August 7, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0004528-2013

BEFORE:  FORD ELLIOTT, P.J.E., STABILE, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.: **FILED NOVEMBER 08, 2016**

Appellant, Dung Thach, appeals from the August 7, 2014 judgment of sentence entered in the Court of Common Pleas of Philadelphia County ("trial court") following his convictions of aggravated assault, criminal conspiracy, terroristic threats, simple assault, and recklessly endangering another person ("REAP").[1] Appellant challenges the sufficiency of the evidence.  Upon review, we affirm.

The trial court summarized the facts as follows:

> This case involved an incident that occurred on the night of January 20, 2013, at a residence located at 4261 A Street in Philadelphia.  The victim, Thuong Damh ["Damh"], a 60 year old man, testified at trial that he was brought to 4621 A Street at 3 o'clock in the afternoon to attend a social gathering.  []Damh was picked up at his

---

[1] 18 Pa.C.S.A. §§ 2702(a)(1), 903, 2706, 2701(a)(1), and 2705, respectively.

home on the 4900 block of Old York Road in Philadelphia in a car by Thuong Thach ["Thuong"], the son of his friend Khuol Thach ["Khuol"], and Thuong's girlfriend. A man named Savan also got into the car at the time to be driven to 4621 A Street.

Upon arriving at 4621 A Street, []Damh identified four others in attendance at the party; Thai, Ut, and the Appellant. []Damh was at 4621 A Street for about nine hours until around midnight when the incident occurred. At midnight, []Damh was sitting on a chair in the living room of the residence. Thai was sitting on a couch to []Damh's right. The Appellant was standing behind []Damh. Thuong was standing in front of []Damh. At that time, Thuong began to threaten []Damh, asking him why he did not allow Thuong to visit his house the previous week, and that he would kill []Damh if he did not tell him. When Thuong threatened him, []Damh stood up from the chair where he was sitting, at which time Thai kicked him in the ribs and stood up and punched him in the left eye. []Damh was then hit in the back of the head by the Appellant which fractured his skull. After the blow to his head, []Damh fell to the ground, at which point, Thai, Thuong, and the Appellant continued to hit and kick him, after which, []Damh passed out. After []Damh regained consciousness, Savan assisted him in getting home. When []Damh arrived at his home, his injuries were extensive. He was completely numb, he was bleeding from the head and eyes, and his mouth was swollen. []Damh believed that he would die that night. His wife called an ambulance to take him to the hospital. Upon arriving at the hospital, []Damh had surgery on his head and was placed into an unconscious state for a week. Police detectives arrived at the hospital and spoke with Mrs. Damh, at which point she told them everything that she knew as well as the fact that [Damh] had left the house wearing a knit cap but returned without it. After speaking with Mrs. Damh, Detective Hughes obtained a warrant to search the house where the incident occurred. At that time, Detective Hughes recovered a knit cap with []Damh's name written in it in the back of the refrigerator of the house.

Trial Court Opinion, 8/26/2015, at 2-3 (internal citations omitted).

The trial court summarized the procedural history as follows:

On January 29, 2013, police arrested Appellant,[] for Attempted Murder, Aggravated Assault, Criminal Conspiracy, Terroristic Threats, Simple Assault, and [REAP]. On July 10, 2014, Appellant waived his right to a jury trial and proceeded to a bench trial before th[e trial

c]ourt. On that date, the [trial c]ourt found Appellant guilty of [a]ggravated [a]ssault (F-1), [c]riminal [c]onspiracy (F-1), [t]erroristic [t]hreats (M-1), [s]imple Assault (M-2), and [REAP] (M-2).

On August 7, 2014, the [trial c]ourt sentenced Appellant to four to eight years of incarceration on the charge of [a]ggravated [a]ssault and two to four years of incarceration on the charge of [c]riminal [c]onspiracy to run consecutively for a cumulative sentence of six to twelve years of incarceration. The [s]imple [a]ssault charge merged with [a]ggravated [a]ssault and the Appellant was sentenced to no further penalties on the charges of [t]erroristic [t]hreats and [REAP]. On August 13, 2014, Appellant filed [p]ost-[s]entence [m]otions which were denied by the [trial court] without a hearing on August 20, 2014.

Appellant filed this timely appeal on August 29, 2014. On November 4, 2014, the [trial court] ordered Appellant to file a Pa.R.A.P. 1925(b) [s]tatement of [e]rrors [c]omplained of on [a]ppeal within 21 days. Appellant filed a Pa.R.A.P. 1925(b) [s]tatement of [e]rrors [c]omplained of on [a]ppeal on November 24, 2014 with a request to file a [s]upplement[al] 1925(b) [s]tatement when all the [n]otes of [t]estimony became available. All the [n]otes of [t]estimony became available in April 2015 and Appellant did not file a [s]upplemental 1925(b) [s]tatement.

*Id.* at 1-2.

Appellant raises a sole issue on review.

Was not the evidence insufficient to support the conviction of [a]ggravated [a]ssault, [c]riminal [c]onspiracy, [s]imple [a]ssault, [t]erroristic [t]hreats and [REAP] where the complainant failed to see the punch that Appellant allegedly thr[e]w or any act of conspiracy between Appellant and assailants?

Appellant's Brief at 3.

This Court's standard of review for sufficiency of the evidence is well established.

As a general matter, our standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence

- 3 -

will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. [T]he facts and circumstances established by the Commonwealth need not be absolutely incompatible with the defendant's innocence. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

*Commonwealth v. Mauz*, 122 A.3d 1039, 1040-41 (Pa. Super. 2015) (quoting *Commonwealth v. Rahman*, 75 A.3d 497, 500-501 (Pa. Super. 2013)). However, in order to address a challenge to the sufficiency of the evidence, it must be preserved for appeal. *See Commonwealth v. Tyack*, 128 A.3d 254, 260 (Pa. Super. 2015).

If [a]ppellant wants to preserve a claim that the evidence was insufficient, then the 1925(b) statement needs to specify the element or elements upon which the evidence was insufficient. This Court can then analyze the elements or elements on appeal. [Where a] 1925(b) statement [] does not specify the allegedly unproven elements[,] . . . the sufficiency issue is waived [on appeal].

*Id.* (quoting *Commonwealth v. Williams*, 959 A.2d 1252, 1257 (Pa. Super. 2008) (quoting *Commonwealth v. Flores*, 921 A.2d 517, 522-523 (Pa. Super. 2007))).

In the matter *sub judice*, Appellant's 1925(b) statement failed to specify the element or elements upon which the evidence was insufficient. Appellant's statement asserts the following boilerplate language

[t]he trial court erred when it found that the evidence was sufficient to support the conviction of [a]ggravated [a]ssault, [c]riminal [c]onspiracy, [t]erroristic [t]hreats, [s]imple [a]ssault, [REAP]. The evidence failed to establish that [Appellant] was guilty beyond a reasonable doubt of any of the above stated charges.

Rule 1925(b) Statement, 11/24/2014, at ¶ 3(a). Appellant's failure to specify the element or elements upon which evidence was insufficient extends to each individual offense he challenges on appeal. In his concise statement, Appellant requested the ability to amend his concise statement upon the receipt of the notes of testimony; however, Appellant never attempted to amend his statement upon his receipt of the notes of testimony. Accordingly, we conclude Appellant did not preserve his claims adequately for appellate review and are waived. **_See Tyack_**, 128 A.3d at 260.

Nonetheless, despite Appellant's failure to specify the elements of each crime that he believes the evidence was insufficient to support, our review of Appellant's brief indicates that his challenge to the sufficiency of all offenses is based upon his single contention that the Commonwealth did not prove beyond a reasonable doubt that he struck the victim in the back of the head. Appellant contends the victim conceded he was unable to see the punch that struck him in the back of the head, but was certain that Appellant was the individual that struck him. To the extent this argument may address some element in each of the crimes for which Appellant was convicted, we find that Appellant's claim lacks merit.

As noted by the trial court, the evidence established that Appellant was standing behind the victim when the victim was struck on the back of his head causing a skull fracture. If Appellant was the only person standing behind the victim when he was struck from behind, especially given the

circumstances under which this attack occurred, a reasonable inference can be drawn that it was Appellant who struck the victim from behind. Appellant's actions immediately thereafter, namely, joining his cohorts in hitting and kicking the victim after he fell to ground, corroborate the victim's identification of Appellant as the perpetrator of the skull fracture. Viewing the evidence in the light most favorable to the prosecution as verdict winner and giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence, we conclude, to the extent we may address Appellant's claim that the evidence was insufficient to prove that he struck the victim from behind, to have no merit.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/8/2016