J-A13017-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ROBERT WILLIAM DUNKEL, JR., | |
| Appellant | No. 918 WDA 2015 |

Appeal from the Judgment of Sentence May 14, 2015
In the Court of Common Pleas of Butler County
Criminal Division at No: CP-10-CR-0001098-2013

BEFORE:  OLSON, STABILE, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED NOVEMBER 15, 2016**

Appellant, Robert William Dunkel, Jr., appeals from the May 14, 2015 judgment of sentence entered in the Court of Common Pleas of Butler County ("trial court") following his conviction of harassment.[1]  Appellant raises two issues on appeal that this court will address as challenges to the weight and sufficiency of the evidence.  Upon review, we affirm.

The trial court summarized the relevant background as follows:

> At trial, the Commonwealth first presented the testimony of [E.W.] [("victim")], then a resident of Slippery Rock, Pennsylvania and a student at Slippery Rock University.  [The victim] testified that she met [Appellant] in January of 2013 through friends. [The victim] testified that the relationship with [Appellant] began casually, in that [Appellant] would typically talk and joke with [the victim's] group of friends.  In February of 2013, she testified the relationship "started to get sexual."  [The

_____

[1] 18 Pa.C.S.A. § 2709.

victim] indicated that [Appellant] became more "touchy feely," he began hugging her, and making generalized sexual comments towards her. After a time, [Appellant]] began making more direct sexual comments towards [the victim], indicating it would be "hot" if she had sex with a female friend. [Appellant] also indicated he was unable to have sex because he was thinking about [the victim]. The comments were often inappropriate or unrelated to the conversations that were otherwise occurring. A few days after making those comments, [Appellant] cornered [the victim] between two tables and a wall outside of the Slippery Rock University Library. He would not let [the victim] leave until she gave him a hug.

Following that incident, on March 2, 2013, [the victim] sent [Appellant] a message via Facebook in which she indicated that [Appellant] needed to stop what he was doing, that it was inappropriate, and that it made her uncomfortable. After that message was sent, the actions of [Appellant] ceased until April 8, 2013. On that day [the victim] and a friend were walking on the Slippery Rock University campus when [Appellant] began walking towards them. [Appellant] approached and handed [the victim's] friend a piece of paper. It was a forged health care document from, as [the victim] described it, a center for disease control, that contained [the victim's name] and indicated that [the victim] had tested positive for syphilis. At trial, the Commonwealth introduced the document as Exhibit 1. [The victim's] friend, [N.K.], told her [Appellant] handed her the piece of paper and said he was concerned about [the victim] because such a document was easy to construct. A few days later, [the victim] reported the incident to Slippery Rock University.

After she reported the incident, beginning on approximately April 11, 2013, [the victim] testified, she began seeing [Appellant] on campus. On one occasion [Appellant] approached [the victim's] group of friends and began conversing with them. [The victim] left and proceeded to walk to the dining hall. At approximately 9:00 that evening, [the victim] decided to go to another dining hall. [The victim] saw [Appellant] there and became frightened. [Appellant] looked at her "a few times." After phoning her mother, her mother called the Slippery Rock University police. Based on [Appellant's] conduct, [the victim] became terrified and altered her behaviors in several ways. She began carrying pepper spray, going home more often, and traveling with others on campus.

[R.Y.], a friend of [the victim], was the next witness presented by the Commonwealth at trial. She indicated that [Appellant] would often make comments of a sexual nature regarding [the victim] during unrelated

- 2 -

conversations. [R.Y.] testified that the behavior of [the victim] changed as a result of [Appellant's] actions. [The victim] became more fearful, [R.Y.] testified.

The Commonwealth's next witness was [L.D.], the Director of Office of Student Conduct at Slippery Rock University. [L.D.] indicated that she had a conversation with [Appellant] on April 19, 2013, during which he indicated that he had prepared the fake report which indicated [the victim] had a sexually transmitted infection and gave it to [N.K.]

Officer Tyler Gray, with the Slippery Rock Unviersity Police Department, was the final witnesses presented to testify. He indicated that he responded to the call made by [the victim's] mother. He testified that [Appellant] was perhaps 100 yards away from [the victim] as he was speaking to her. When [Appellant] was approached about the incident, Officer Gray indicated that he laughed about it. Officer Gray also testified that the false report concerning the sexually transmitted infection was stamped "received" by the student center, though the document never went there.

Trial Court Opinion, 7/31/15, at 2-4 (internal citations omitted).

On January 7, 2015, the trial court held a summary non-jury trial in absentia, wherein the trial court found Appellant guilty of harassment. During a sentencing proceeding on February 24, 2015, Appellant was removed from the courtroom and the matter was continued to a later date. On May 14, 2015, Appellant was sentenced to ninety days in the Butler County Prison. Appellant filed a timely notice of appeal on June 8, 2015. On June 10, 2015, the trial court directed Appellant to file a concise statement of matters complained of on appeal. The trial court granted two extensions to file a concise statement, and Appellant filed a concise statement on July 30, 2015. The trial court issued an opinion on July 31, 2015.

On appeal, Appellant presents two issues which this Court quotes verbatim.

I. The [trial court] erred in determining that [Appellant] was guilty beyond a reasonable doubt of committing the offense of harassment. Whether as a matter of fact [Appellant] could be convicted of the [s]ummary [o]ffense of [h]arassment.

II. Whether as a matter of law [Appellant] could, on a standard of proof beyond a reasonable doubt, be convicted of the [s]ummary [o]ffense of [h]arassment. The [trial court] erred in this conclusion.

Appellant's Brief at 12. This Court views these unusually worded issues as challenges to the weight and sufficiency of the evidence.

This Court's standard of review for sufficiency of the evidence is well established.

> As a general matter, our standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. [T]he facts and circumstances established by the Commonwealth need not be absolutely incompatible with the defendant's innocence. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

**Commonwealth v. Mauz**, 122 A.3d 1039, 1040-41 (Pa. Super. 2015) (quoting **Commonwealth v. Rahman**, 75 A.3d 497, 500-501 (Pa. Super. 2013)). However, in order to address a challenge to the sufficiency of the evidence, it must be preserved for appeal. **See Commonwealth v. Tyack**, 128 A.3d 254, 260 (Pa. Super. 2015).

> If [a]ppellant wants to preserve a claim that the evidence was insufficient, then the 1925(b) statement needs to specify the element or elements upon which the evidence was insufficient. This Court can then analyze the elements

or elements on appeal. [Where a] 1925(b) statement [] does not specify the allegedly unproven elements[,] . . . the sufficiency issue is waived [on appeal].

*Id.* (quoting *Commonwealth v. Williams*, 959 A.2d 1252, 1257 (Pa. Super. 2008) (quoting *Commonwealth v. Flores*, 921 A.2d 517, 522-523 (Pa. Super. 2007))).

In the matter *sub judice*, Appellant's 1925(b) statement failed to specify the element or elements upon which the evidence was insufficient. Therefore, Appellant's claim is waived. Even if Appellant's claim was preserved for appeal, the claim is meritless.

To establish guilt of summary harassment, the Commonwealth must prove: (1) the person engages in a course of conduct or repeatedly commits acts which serve no legitimate purpose; and (2) does so with the intent to harass, annoy or alarm another. 18 Pa.C.S.A. § 2709(a)(3). "An intent to harass may be inferred from the totality of the circumstances." *Commonwealth v. Lutes*, 793 A.2d 949, 961 (Pa. Super. 2002). "A course of conduct intended to harass, annoy or alarm a person can be based on words alone." *Id.* (citing *Commonwealth v. Duncan*, 363 A.2d 803 (Pa. Super. 1976)).

The evidence established that Appellant made inappropriate sexual comments on multiple occasions, blocked an exit and refused to let the victim leave without hugging Appellant, and inappropriately hugged and touched the victim. The victim sent Appellant a message on Facebook that his actions were inappropriate, made the victim extremely uncomfortable,

and he needed to stop the inappropriate behavior. After this message, Appellant stopped for approximately one month.

Subsequently, on April 8, 2013, Appellant approached the victim and her friend. The victim felt uncomfortable and continued walking. Appellant gave the victim's friend a forged medical document, which stated the victim had a sexually transmitted disease, with instructions to give the victim the document. Appellant admitted that he created the document. The day after the victim reported this incident, Appellant followed the victim to multiple dining halls. Viewing the evidence in the light most favorable to the Commonwealth, there was sufficient evidence establishing that Appellant engaged in a course of conduct which served no legitimate purpose with the intent to harass, annoy, or alarm the victim. Appellant's sufficiency claim is meritless.

The Court views Appellant's second issue as a challenge to the weight of the evidence. It is well established that

> [a]ppellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

*Commonwealth v. Widmer*, 744 A.2d 745, 753 (Pa. 2000) (citation omitted). Furthermore, a weight of the evidence claim "concedes that there

is sufficient evidence to sustain the verdict." ***Commonwealth v. Smith***, 853 A.2d 1020, 1028 (Pa. Super. 2004) (citation omitted). In order to preserve a challenge to the weight of the evidence, the concise statement must include specific reasons as to why the verdict was against the weight of the evidence. ***See Commonwealth v. Freeman***, 128 A.3d 1231, 1248-49 (Pa. Super. 2015).

In the matter *sub judice*, Appellant's 1925(b) statement failed to identify any specific reason why the verdict was against the weight of the evidence. Therefore, Appellant has waived this issue. Furthermore, Appellant failed to preserve a weight of the evidence claim by raising it before the trial court. A challenge to the weight of the evidence must be raised orally, on the record, at any time before sentencing, by written motion at any time before sentencing, or in a post-sentence motion. ***See*** Pa.R.Crim.P. 607. While post-sentence motions are not permitted in a summary appeal, Appellant must still assert a challenge to the weight of the evidence in order to preserve the issue for appeal. ***See Commonwealth v. Dougherty***, 679 A.2d 779, 784 n. 3 (Pa. Super. 1996); Pa.R.Crim.P. 720. Because he did not do so, the claim is waived. ***Id.***

Even if Appellant preserved the issue on appeal, he would not be entitled to relief. It appears Appellant is challenging the credibility of the victim, which is not for this Court to assess or reweigh. ***See Commonwealth v. Palo***, 24 A.3d 1050, 1055 (Pa. Super. 2011) ("The weight of the evidence is exclusively for the finder of fact, which is free to

believe all, part or none of the evidence, and to assess the credibility of the witnesses.) Accordingly, we would not have found the trial court abused its discretion in denying his weight of the evidence challenge based on credibility issues.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/15/2016