J-S39013-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DONALD LESTER WARREN | |
| Appellant | No. 1402 MDA 2015 |

Appeal from the Judgment of Sentence July 9, 2015
In the Court of Common Pleas of Luzerne County
Criminal Division at No: CP-40-CR-0001307-2014

BEFORE:  STABILE, PLATT,[*] and STRASSBURGER, JJ.[*]

MEMORANDUM BY STABILE, J.:                **FILED DECEMBER 15, 2016**

Appellant, Donald Lester Warren, appeals from the July 9, 2015, judgment of sentence entered in the Court of Common Pleas of Luzerne County ("trial court") following his convictions of simple assault and endangering welfare of children ("EWOC").[1] Appellant challenges the sufficiency of the evidence and whether the trial court abused its discretion for failing to order a mistrial.  Upon review, we affirm.

This matter stems from an incident on February 19, 2014.  *See* N.T. Jury Trial, 4/21/2015, at 132-133.  On that date, eight-year-old K.W.[2] was

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2701(a)(1), and 4304(a)(1), respectively.

[2] K.W. is the son of Appellant.  At the time of trial K.W. was nine-years-old. *Id.* at 51.

laying on an air mattress and his sister, M.W.,[3] was jumping on it. *Id.* at 51, 54. As a result of the jumping on the mattress, it popped. *Id.* at 51, 54. Appellant had previously repaired the mattress and instructed K.W. not to jump on the mattress. *Id.* at 54-55. After Appellant walked in and observed the damaged mattress, Appellant started yelling and separated K.W. from his sister, A.W.[4] Appellant proceeded to strike K.W. repeatedly, with a belt, in the face and arm. *Id.* at 59-61. K.W. described the hits as hard and very painful. *Id.* at 60. As a result, it made K.W. feel bad. *Id.* at 61. After being struck, a crying K.W. was bundled up against the wall. *Id.* at 111. K.W. had multiple marks/bruises from where he was hit with the belt. *Id.* at 63-71. K.W. did not go to school the following day. *Id.* at 96-97.

The trial court summarized the procedural history as follows:

> A jury trial commenced on April 21, 2015, and the jury returned their verdict on April 24, 2015, at which time [Appellant] was found guilty on all counts. A pre-sentence investigation (PSI) was [o]rdered to be completed by the Luzerne County Adult Probation Department prior to sentencing.
>
> On July [9], 2015, [Appellant] appeared before th[e trial c]ourt for imposition of sentence. Upon a review of the PSI and the submissions of counsel, and taking into

_____

[3] M.W. is the daughter of Appellant. M.W. is the younger sister of K.W.

[4] A.W. is the daughter of Appellant. A.W. was ten-years-old at the time of trial. *Id.* at 104.

consideration the serious nature of the offenses and the sentencing guidelines, th[e trial c]ourt sentenced [Appellant] in the standard range to an aggregate term of incarceration of twenty four (24) months to a maximum of forty-eight (48) months to be served in a state correctional institution. [On July 20, 2015, Appellant, while represented by counsel, filed a *pro se* motion or modification of sentence. On July 21, 2015, Appellant, through counsel, filed a motion for modification of sentence.] Following a hearing[, on August 10, 2015,] held pursuant to [Appellant's] [m]otion for [m]odification of [s]entence, the [trial c]ourt granted [Appellant's] [m]otion and modified [Appellant's] sentence to an aggregate term of one (1) year less one (1) day to two (2) years less (2) days to be served in the Luzerne County Correctional Facility followed by thirty (30) months probation.

On August 10, 2015, [Appellant] filed a timely notice of Appeal. Th[e trial c]ourt by an [o]rder dated August 11, 2015, directed [Appellant] to file a [c]oncise [s]tatement of [e]rrors [c]omplained of on [a]ppeal pursuant to Pa.R.A.P. 1925(b) and requested the Commonwealth to respond thereto. After granting an extension of time within which [Appellant] and the Commonwealth were to file their respective pleadings in accordance with th[e trial c]ourt's [o]rder of August 11, 2015, [Appellant's] [c]oncise [s]tatement of [m]atters [c]omplained of on [a]ppeal pursuant to Pa.R.A.P. 1925(b) was filed on September 22, 2015. The Commonwealth filed its response on October 2, 2015.

Trial Court Opinion, 10/16/15, at 1-2.

Preliminarily, this Court must determine whether the trial court had the authority to modify the sentence imposed on July 9, 2015, when it issued its order on August 10, 2015. Appellant's timely *pro se* motion to modify sentence was a legal nullity as he was represented by counsel. ***See Commonwealth v. Nischan***, 928 A.2d 349, 355 (Pa. Super. 2007), *appeal*

*denied*, 936 A.2d 40 (Pa. 2007). Appellant filed an untimely, counseled post sentence motion on July 21, 2015. The trial court could have deemed the issue waived; however, the trial court granted Appellant's post-sentence motion. Pursuant to 42 Pa.C.S.A. § 5505, "[e]xcept as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed." 42 Pa.C.S.A. § 5505. "Trial courts have the power to alter or modify a criminal sentence within thirty days after entry, if no appeal is taken." *Commonwealth v. Quinlan*, 639 A.2d 1235, 1238 (Pa. Super. 1994) (citations omitted).

In the matter *sub judice*, the trial court held a hearing on the untimely[5] post sentence motion to modify sentence on August 10, 2015, at 1:30 p.m. At the conclusion of the hearing the trial court granted Appellant's motion. *See* N.T. Motion to Reconsider Sentence, 8/10/2015, at 20. The same date, the trial court filed a written copy of the order at 3:36 p.m. Appellant filed a notice of appeal one minute prior to the filing of the order. While typically the filing of an appeal would remove the trial court's authority to modify Appellant's sentence, it is abundantly clear that Appellant filed the notice of appeal relying on the in court ruling. *See*

---

[5] While the motion was filed beyond the ten-day period, it was still filed within thirty days of sentencing.

*Quinlan*, 6349 A.2d at 1238. Therefore, this Court will not find that the trial court lacked the authority to grant Appellant's motion to modify sentence.

Next, this Court must determine whether Appellant's notice of appeal was filed timely. "Only a timely-filed post-sentencing motion will trigger an extension of the time for filing a notice of appeal. If indeed, Appellant's motion was untimely, the notice of appeal subsequently filed after the trial court considered and ruled on Appellant's motion in excess of 30 days from the original judgment of sentence would be untimely." *Commonwealth v. Felmlee*, 828 A.2d 1105, 1107 n. 1 (Pa. Super. 2003) (internal citation omitted). When an appellant fails to "file a timely post-sentence motion, her appeal period began to run from the date sentence was imposed." *Commonwealth v. Green*, 862 A.2d 613, 618 (Pa. Super. 2004). Because the Appellant's post-sentence motion was untimely, the time to file a notice of appeal was not tolled. However, Appellant's notice of appeal was filed within 30 days of his original judgment of sentence; therefore, the appeal was timely.

Appellant raises three issues on appeal, which this Court quotes verbatim.

> I.   Whether the Commonwealth failed to present sufficient evidence to prove beyond a reasonable doubt that [Appellant] was acting as a parent when disciplining a minor for his misconduct used force designed to cause or known to cause a substantial risk of death, serious bodily injury, disfigurement, extreme pain or mental distress or gross degradation as required by 18 Pa.C.S.A. § 509(1)(ii)[.]

II. Whether [the] Commonwealth failed to present sufficient evidence to prove beyond a reasonable doubt that [Appellant] was 18 years of age or older at the time of the offense as required by 18 Pa.C.S.A. § 2701(b)(2) to support the guidelines of a misdemeanor of the [f]irst [d]egree[.]

III. Whether the [t]rial [c]ourt abused its discretion in denying a motion for mistrial based upon intentional prosecutorial misconduct committed during closing argument[.][6]

Appellant's Brief at 3-4; Statement of Errors Complained of on Appeal Pursuant to Pa.R.A.P. 1925(b), 9/22/2015, at 1.

Appellant's first issue is a challenge to the sufficiency of the evidence. This Court's standard of review for sufficiency of the evidence is well established.

> As a general matter, our standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. [T]he facts and circumstances established by the Commonwealth need not be absolutely incompatible with the defendant's innocence. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

---

[6] Appellant's brief does not contain a third question presented; however, the matter is included in the brief and was included in his Rule 1925(b) statement; therefore, we will not find the issue waived.

*Commonwealth v. Mauz*, 122 A.3d 1039, 1040-41 (Pa. Super. 2015) (quoting *Commonwealth v. Rahman*, 75 A.3d 497, 500-501 (Pa. Super. 2013)).

Appellant's first claim is that the Commonwealth failed to disprove a justification defense.

> The use of force upon or toward the person of another is justifiable if:
>
> (1)  The actor is the parent or guardian or other person similarly responsible for the general care and supervision of a minor or a person acting at the request of such parent, guardian or other responsible person and:
>
>> (i)  The force is used for the purpose of safeguarding or promoting the welfare of the minor, including the preventing or punishment of his misconduct; and
>>
>> (ii)  The force used is not designed to cause or known to create a substantial risk of causing death, serious bodily injury, disfigurement, extreme pain, or mental distress or gross degradation.

18 Pa.C.S.A. § 509. Essentially, Appellant argues that striking his child with a belt multiple times, including on the face, does not give rise to proof that the force was designed to cause or known to create a substantial risk of causing death, serious bodily injury, disfigurement, extreme pain, or mental distress or gross degradation.

In the matter *sub judice*, Appellant struck his eight-year-old son with a belt multiple times. K.W. was hit in his face and arm. These strikes led to

bruises and marks such that Appellant held K.W. out of school the next day. Furthermore, K.W. testified that these strikes were very painful. Viewing the evidence in the light most favorable to the Commonwealth, there was sufficient evidence to establish that the force was designed to cause or known to create a substantial risk of causing death, serious bodily injury, disfigurement, extreme pain, or mental distress or gross degradation. Appellant's first sufficiency claim lacks merit.

Appellant's second issue is that there was insufficient evidence to establish that Appellant was 18 years of age or older at the time of the offense. In his brief, Appellant concedes that his age can be proven by circumstantial evidence including his personal appearance in court, whether he was married, and/or has children. *See Commonwealth v. Miller*, 657 A.2d 946 (Pa. Super. 1995). Moreover, Appellant was identified by his daughter A.W. during trial, and Appellant stipulated to the identification. *See* N.T. Jury Trial, 4/21/2015, at 115. Therefore, we find there was sufficient circumstantial evidence to establish that Appellant was 18 years of age or older at the time of the offense.

Finally, Appellant argues that the trial court abused its discretion when it denied Appellant's motion for a mistrial. Specifically, Appellant asserts that the prosecutor's use of a belt as a demonstrative tool and using the phase "that belt" during closing constituted prosecutorial misconduct that required the trial court to order a mistrial. "The trial court is vested with discretion to grant a mistrial whenever the alleged prejudicial event may

reasonably be said to deprive the defendant of a fair and impartial trial." ***Commonwealth v. Culver***, 51 A.3d 886, 871 (Pa. Super. 2012) (quoting ***Comonwealth v. Lettau***, 95 A.2d 360, 363 (Pa. Super. 2008)). It is well settled that this Court's standard of review for the denial of a motion for a mistrial is an abuse of discretion. ***See Commonwealth v. Bryant***, 67 A.3d 716, 728 (Pa. 2013) (citations omitted). When considering a claim of prosecutorial misconduct, "our attention is focused on whether the defendant was deprived of a fair trial, not a perfect one." ***Commonwealth v. Rolan***, 964 A.2d 398, 410 (Pa. Super. 2008) (quoting ***Commonwealth v. Harris***, 884 A.2d 920, 927 (Pa. Super. 2005)). "The remedy of a mistrial is an extreme remedy required only when an incident is of such a nature that its unavoidable effect is to deprive the appellant of a fair and impartial trial." ***Commonwealth v. Ragland***, 991 A.2d 336, 340 (Pa. Super. 2010) (quoting ***Commonwealth v. Judy***, 978 A.2d 1015, 1019 (Pa. Super. 2009)).

In the matter *sub judice*, we find that the demonstrative use of a belt, and the ambiguous wording describing it as "that belt" did not deprive Appellant of a fair trial. Immediately after Appellant's objection, the trial court gave the following curative instruction to the jury.

> As you've seen, the Assistant District Attorney has with her a belt which she's utilizing in her closing argument. Clearly that is being used as a demonstrative tool as part of her closing argument, **and it is not the belt alleged to have been used in this proceeding** or the type of belt that was used or alleged to have been used in this proceeding. So I just want to caution you, she is utliziting

that as part of making a closing argument to you as a demonstrative aid; but you should in no way consider or be of the belief that is, in fact, the belt at issue or the type of belt at issue.

N.T. Jury Trial, 4/21/2015, at 335. Therefore, we find that the trial court did not abuse its discretion in denying Appellant's motion for a mistrial.

Judgment of sentence affirmed.

Judge Strassburger joins this memorandum.

Judge Platt concurs in the result.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/15/2016