J-S85007-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| JOSHUA STOKES | |
| Appellant | No. 818 EDA 2015 |

Appeal from the Judgment of Sentence September 6, 2012
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0008090-2010
CP-51-CR-0008091-2010

BEFORE:  PANELLA, J., RANSOM, J., and MUSMANNO, J.

MEMORANDUM BY PANELLA, J.                    **FILED DECEMBER 27, 2016**

Appellant, Joshua Stokes, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following his jury trial convictions for criminal conspiracy, aggravated assault, persons not to possess firearms, firearms not to be carried without a license, possessing instruments of crime ("PIC"), and intimidation of witnesses or victims.[1] We affirm.

The relevant facts and procedural history of this case are as follows. On May 3, 2010, Phillip Riddick confronted his neighbor, Nia Shaw, about empty beer bottles and trash left on the steps of Mr. Riddick's residence.

---

[1] 18 Pa.C.S.A. §§ 903(a)(1); 2702(a); 6105(a)(1); 6106(a)(1); 907(a); and 4952(a)(1), respectively.

Appellant was present when Mr. Riddick and Ms. Shaw spoke. Shortly after Mr. Riddick entered his residence, he heard several cars pulling up outside of his home. He instructed his girlfriend, Marquita Taylor, and her children to gather their belongings and leave the home.

Mr. Riddick walked outside to his car, where he saw thirteen or fourteen young men gathered nearby. He then observed Appellant walk to the corner of the street and look around, before Malik Reed handed Appellant a firearm taken from the trunk of a nearby vehicle. Mr. Reed and Appellant began firing at Mr. Riddick through his car's windshield, as Mr. Riddick drove in reverse to avoid being shot. Appellant, Mr. Reed, and the other young men then fled the scene.

Approximately one week after the incident, Ms. Taylor reported to police that Appellant had approached her as she sat outside of her home. Ms. Taylor alleged Appellant told her, "You better not go to court," or "something will happen." N.T. Trial, 7/12/12, at 49-50.

Appellant proceeded to a jury trial. During the trial, one of the jurors reported to the court that some jurors had discussed the case, and that another juror stated Appellant was guilty. The court interviewed each of the jurors, and declared a mistrial *sua sponte*. A new jury later convicted Appellant of the above crimes. The court ordered a pre-sentence investigation report. The court sentenced Appellant to consecutive terms of ten to twenty years' incarceration each for the criminal conspiracy,

aggravated assault, and intimidation convictions. The court also sentenced Appellant to a consecutive term of five to ten years' incarceration for the persons not to possess firearms conviction, and concurrent terms of two and one-half to five years' incarceration each for PIC and firearms not to be carried without a license, for an aggregate sentence of thirty-five to seventy years' incarceration. Appellant did not file a post-sentence motion.

Appellant timely filed a notice of appeal. The court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b); Appellant failed to file a Rule 1925(b) statement. On December 7, 2012, this Court dismissed Appellant's appeal for failure to file a docketing statement.

Thereafter, Appellant filed a petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. After the court appointed counsel, Appellant filed an amended petition. Following a hearing, the PCRA court granted Appellant's petition and permitted him to file a direct appeal *nunc pro tunc*.

Appellant timely filed a notice of appeal. The court ordered Appellant to file a Rule 1925(b) statement, and Appellant complied.[2]

---

[2] Appellant's Rule 1925(b) statement was technically untimely. However, this Court may address the merits of a criminal appeal when an appellant files an untimely Rule 1925(b) statement, if the trial court addressed the issues raised on appeal. ***See Commonwealth v. Burton***, 973 A.2d 428 (Pa.
*(Footnote Continued Next Page)*

Appellant raises the following issues on appeal:

Whether the [t]rial [c]ourt erred in declaring a mistrial *sua sponte* when the defense never requested one[?]

Whether the [t]rial [c]ourt erred in sentencing Appellant to thirty-five (35) to seventy (70) years['] state incarceration[?]

Whether the verdict was contrary to law as being based on insufficient evidence for the following charges: aggravated assault, criminal conspiracy to commit murder and aggravated assault, intimidation of [a] witness, [PIC,] and VUFA.

Appellant's Brief, at 10.

Appellant first argues the original empaneled jury could have fairly deliberated Appellant's case. Appellant contends the conversations some jurors reported relating to the trial were innocuous, and jurors commonly misunderstand their obligations at the beginning of a trial. Appellant questions the trial court's determination that these conversations tainted the trial, concluding that the trial court abused its discretion by declaring a mistrial. We disagree.

"It is within a trial judge's discretion to declare a mistrial *sua sponte* upon the showing of manifest necessity, and absent an abuse of that discretion, we will not disturb his or her decision." ***Commonwealth v. Orie***, 88 A.3d 983, 995 (Pa. Super. 2014), *appeal denied*, 99 A.3d 925 (Pa. 2014)

_(Footnote Continued)_ ⎯⎯⎯⎯⎯⎯⎯⎯

Super. 2009) (*en banc*). The trial court's opinion addressed each of Appellant's issues on appeal; therefore, we decline to waive them.

- 4 -

(internal citations omitted). "Reviewing courts use no mechanical formula in determining whether a trial court had a manifest need to declare a mistrial." *Commonwealth v. Leister*, 712 A.2d 332, 335 (Pa. Super. 1998). The trial judge has broad discretion in determining the necessity of a mistrial. *See id*.

Instantly, after two days of testimony, Juror Number Four in Appellant's first trial reported to the court conversations she had overheard between other jurors. That juror stated that two other jurors had repeatedly declared Appellant was guilty, and a third juror had written "guilty" in the air as the jurors listened to testimony. The court interviewed all of the jurors individually. Other jurors corroborated Juror Number Four's story.

We find no abuse of discretion in the trial court's action. The comments the jurors reported were serious infractions as they evidenced obvious bias among several jurors, flatly contradicting their sworn oath to "truly try the issue joined between the Commonwealth and the defendant(s), and a true verdict render according to the evidence.'' 234 Pa.Code. § 640(B). The trial court acted properly to safeguard the proceeding by *sua sponte* declaring a mistrial under such troubling circumstances in the jury box. Thus, Appellant's first issue merits no relief.

Appellant next asserts the trial court imposed a grossly excessive sentence. Appellant maintains the trial court failed to provide on the record sufficient reasoning for its departure from the sentencing guidelines. Appellant concedes his claim is a challenge to the discretionary aspects of

his sentence. *See* Appellant's Brief, at 24-27.

"A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." *Commonwealth v. McAfee*, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted).

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42. Pa.C.S.A. § 9781(b).

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (internal citation omitted).

"An appellant must, pursuant to Pennsylvania Rule of Appellate Procedure 2119(f), articulate the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." *Commonwealth v. Shugars*, 895 A.2d 1270, 1274 (Pa. Super. 2006) (internal citations omitted). A "substantial question" as to the inappropriateness of the sentence under the Sentencing Code exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the

Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. Glass***, 50 A.3d 720, 727 (Pa. Super. 2012) (internal citations omitted). "As to what constitutes a substantial question, this Court does not accept bald assertions of sentencing errors. An appellant must articulate the reasons the sentencing court's actions violated the sentencing code." ***Moury***, 992 A.2d at 170.

Here, Appellant's direct appeal rights were reinstated *nunc pro tunc*, and so his notice of appeal is considered timely. Nevertheless, Appellant failed to preserve his issue at sentencing or in a motion to reconsider and modify sentence. ***See id***. Consequently, we find Appellant has waived his discretionary aspects of sentencing claim.

Further, had Appellant preserved the claim, we would have found that his Rule 2119(f) statement fails to raise a substantial question for our review; it is nothing but a bald allegation that the trial court imposed an excessive sentence. ***See Glass***; ***Moury***.

In his final issue, Appellant argues the Commonwealth failed to present sufficient evidence to sustain any of his convictions. Appellant claims the Commonwealth failed to prove his actions were intentional, or that he attempted to cause serious bodily injury to Mr. Riddick. Appellant concedes he is not permitted to possess a firearm, but directs our attention to the failure of the police to locate the firearm allegedly used in the incident as proof he did not possess a weapon. He also asserts the Commonwealth

failed to show the existence of any agreement between himself and Mr. Reed that would constitute conspiracy. Additionally, he contends Ms. Taylor was motivated to lie about his conduct, and therefore her testimony about the alleged threats was insufficient to convict him of witness intimidation. We disagree.

The following standard governs our review of a challenge to the sufficiency of the evidence.

> As a general matter, our standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. [T]he facts and circumstances established by the Commonwealth need not be absolutely incompatible with the defendant's innocence. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

*Commonwealth v. Mauz*, 122 A.3d 1039, 1040-41 (Pa. Super. 2015) (citation omitted).

"A person is guilty of aggravated assault if he attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life," or "attempts to cause or intentionally or knowingly causes bodily injury to another with a deadly

weapon[.]" 18 Pa.C.S.A. § 2702(a)(1), (a)(4).

Instantly, the Commonwealth presented testimony from Mr. Riddick that Appellant pointed a loaded firearm at him. Mr. Riddick stated Appellant fired several shots at close range. Ms. Taylor also testified she heard gunshots and saw Appellant and Mr. Reed running in the opposite direction of Mr. Riddick's vehicle. The Commonwealth also provided testimony from several investigating officers, who reported seeing bullet holes in Mr. Riddick's vehicle and recovered several shell casings from the street.

Given this testimony, a jury possessed sufficient evidence to determine that Appellant intentionally, knowingly, or recklessly used a deadly weapon in an attempt to cause Mr. Riddick bodily injury. Consequently, the Commonwealth presented sufficient evidence to convict Appellant of aggravated assault.

A conspiracy conviction requires that the Commonwealth established "that the defendant (1) entered into an agreement to commit or aid in an unlawful act with another person or persons, (2) with a shared criminal intent and (3) an overt act was done in furtherance of the conspiracy." *Commonwealth v. McCall*, 911 A.2d 992, 996 (Pa. Super. 2006) (citation omitted).

Here, Mr. Riddick testified that Appellant accepted a firearm from Mr. Reed. Both men immediately began firing at Mr. Riddick. Ms. Taylor testified she heard gunshots and saw Mr. Reed shooting at Mr. Riddick's car. Ms.

Taylor gave evidence that both Mr. Reed and Appellant ran away from the vehicle after the shooting. The shooting constituted the overt act necessary to establish conspiracy. We agree with the trial court that such evidence was sufficient to establish the men conspired to commit aggravated assault.

We next consider Appellant's challenge to his possession offenses. Where the Commonwealth establishes a defendant was not permitted to carry a firearm and presents evidence that the defendant possessed a weapon, such evidence is sufficient to sustain the defendant's conviction under 18 Pa.C.S.A. § 6105(a)(1). *See Commonwealth v. Antidormi*, 84 A.3d 736, 758 (Pa. Super. 2014), *appeal denied*, 95 A.3d 275 (Pa. 2014). "[A]ny person who carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person … without a valid and lawfully issued license under this chapter commits a felony of the third degree." 18 Pa.C.S.A. § 6106(a)(1). A person is guilty of PIC if he: "possesses any instrument of crime with intent to employ it criminally." 18 Pa.C.S.A. § 907(a).

Appellant's argument that the Commonwealth lacked sufficient evidence to convict him of his firearms offenses, without providing the gun Appellant allegedly used, is meritless. Appellant concedes he is not permitted to possess a firearm. The Commonwealth provided eyewitness testimony from Mr. Riddick that Appellant had a gun, and he used it to commit a crime. Thus, the Commonwealth provided sufficient evidence to

convict Appellant of persons not to possess firearms, firearms not to be carried without a license, and PIC.

Appellant's final conviction was for witness intimidation. An individual is guilty of witness intimidation if he:

> with the intent to or with the knowledge that his conduct will obstruct, impede, impair, prevent or interfere with the administration of criminal justice, he intimidates or attempts to intimidate any witness or victim to:
>
> (1) Refrain from informing or reporting to any law enforcement officer, prosecuting official or judge concerning any information, document or thing relating to the commission of a crime.

18 Pa.C.S.A. § 4952(a)(1).

Here, Ms. Taylor testified that Appellant approached her as she sat outside of her home. Appellant told Ms. Taylor, "You better not go to court," "or, you know, something will happen." Ms. Taylor asserted she felt threatened by Appellant's conduct, and immediately reported the conversation to police. Appellant's warning to Ms. Taylor not to go to court established sufficient evidence to convict him of witness intimidation.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/27/2016</u>