J-S28020-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STEPHEN T. KIRCHNER | : | |
| | : | |
| Appellant | : | No. 1873 MDA 2018 |

Appeal from the Judgment of Sentence Entered October 17, 2018
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-SA-0000289-2018

BEFORE:   BOWES, J., McLAUGHLIN, J., and STRASSBURGER*, J.

MEMORANDUM BY McLAUGHLIN, J.:            **FILED AUGUST 27, 2019**

Stephen Kirchner appeals from the judgment of sentence imposed following his conviction for the summary offense of disorderly conduct.[1] Kirchner argues that evidence he made a hand gesture, in the form of a gun, was insufficient to prove that he created a hazardous or physically offensive condition. He further contends that the evidence was insufficient to establish the requisite *mens rea*, and the trial court should have dismissed the charge on the ground that his conduct was *de minimis*. We affirm.

On June 7, 2018, Kirchner was issued a citation for disorderly conduct as a summary offense. He was found guilty in district court, and he appealed.

---

*   Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 5503(a)(4).

The trial court held a trial *de novo*. The relevant facts were largely undisputed, and were as follows.

Josh Klingseisen was mulching in his backyard when Kirchner and Klingseisen's neighbor, Elaine Natore, walked through an alley that runs behind Klingseisen's yard to Natore's residence. Kirchner stopped, made eye contact with Klingseisen, and then made a hand gesture at him imitating the firing and recoiling of a gun.

The incident was video-recorded by Klingseisen,[2] who had previously installed six security cameras at his home due to ongoing confrontations between him and Natore. At the time of the incident, Natore had a "no contact" order against Klingseisen. Klingseisen testified at trial that he felt "[e]xtremely threatened" when Kirchner made the gun gesture at him. Trial Court Opinion, filed January 7, 2019, at 2 (quoting N.T., 10/17/18, at 7).

Klingseisen's neighbor, Yvonne Rodriguez, saw the incident from her front porch. Rodriguez testified she saw Kirchner turn towards Klingseisen and "put his finger up like he was going to shoot him." N.T. at 9. Rodriguez stated she felt "[i]nsecure" after seeing the gesture, and called 911. Tr. Ct Op. at 2; N.T. at 10.

Kirchner testified in his own defense, and admitted that he made the gesture. However, he said he did so after Klingseisen "gave [him] the finger

---

[2] The video recording was introduced as evidence at trial, but was not included in the certified record.

with both hands." N.T. at 13, 16. The court found Kirchner guilty, and imposed

a $100 fine and court costs.

Kirchner appealed, raising the following issue:

Was the evidence in this case sufficient to sustain a conviction of the summary criminal offense of Disorderly Conduct; in particular, was the evidence sufficient to establish that making a hand gesture, albeit in the rough form of a gun, is a hazardous or physically offensive condition, and further that the defendant had the necessary *mens rea* of intent or recklessness to cause public, rather than just individual or private, inconvenience, annoyance, or alarm, or in the alternative, was the defendant's conduct *de minim*[*i*]*s*?

Kirchner's Br. at 4 (italics added). We will address the issue in three parts.

A challenge to the sufficiency of the evidence requires us to determine

whether the evidence supports every element of the crime charged beyond a

reasonable doubt. **Commonwealth v. Forrey**, 108 A.3d 895, 897 (Pa.Super.

2015). We do not assess the credibility of witnesses or the weight of the

evidence, both of which are within the sole purview of the finder of fact. **Id.**

As sufficiency of the evidence is a question of law, our standard of review is

*de novo*. **Id.** Our scope is limited to a review of the record evidence in the

light most favorable to the Commonwealth. **Id.**

### I. Hazardous or Physically Offensive Conduct

Kirchner argues first that the evidence presented at trial was insufficient

to sustain a conviction for the summary offense of disorderly conduct, because

the evidence did not establish that making a hand gesture in the form of a

gun creates a hazardous or physically offensive condition. Kirchner argues that

such a gesture is similar to actions that were found insufficient to support disorderly conduct convictions in **Commonwealth v. Mauz**, 122 A.3d 1039 (Pa.Super. 2015), **Forrey**, 108 A.3d at 897, and **Commonwealth v. Maerz**, 879 A.2d 1267 (Pa.Super. 2005). Kirchner also argues his actions no more support a conviction for disorderly conduct than any other hand gesture, as his hand could never be mistaken for an actual firearm.

Kirchner was convicted under 18 Pa.C.S.A § 5503(a)(4), which provides that "[a] person is guilty of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, [the person] . . . creates a hazardous or physically offensive condition by any act which serves no legitimate purpose of the actor." 18 Pa.C.S.A. § 5503(a)(4). The statute defines "public" as "affecting or likely to affect persons in a place to which the public or a substantial group has access; among the places included are highways, transport facilities, schools, prisons, apartment houses, places of business or amusement, any neighborhood, or any premises which are open to the public." **Id.** at § 5503(c). Disorderly conduct is a summary offense unless "the intent of the actor is to cause substantial harm or serious inconvenience, or if he persists in disorderly conduct after a reasonable warning or request to desist," in which case the offense is graded as a third-degree misdemeanor. **Id.** at § 5503(b).

The offense of disorderly conduct "is not intended as a catchall for every act which annoys or disturbs people[.]" **Maerz**, 879 A.2d at 1269. Rather, "[t]he dangers and risks against which the disorderly conduct statute are

directed are the possibility of injuries resulting from public disorders." ***Commonwealth v. Williams***, 574 A.2d 1161, 1164 (Pa.Super. 1990). Specifically, a "hazardous condition" under subsection 5503(a)(4) "is a condition involving danger or risk," including a condition that creates the risk of an altercation. ***Williams***, 574 A.2d at 1164 (quoting ***Commonwealth v. Roth***, 531 A.2d 1133, 1137 (Pa.Super. 1987)).

We conclude that there was sufficient evidence that Kirchner's act of mimicking his shooting Klingseisen created a hazardous condition as it risked an altercation. ***Williams***, 574 A.2d at 1164. Despite Natore's no-contact order against Klingseisen and the ongoing rift between them, Kirchner, while accompanying Natore, approached Klingseisen in his own backyard, created a gun-like hand gesture, pointed it at Klingseisen, and made a recoil motion as if to suggest he had shot him. This act served no legitimate purpose, and recklessly risked provoking a dangerous altercation.

The cases Kirchner cites do not compel a different result. In ***Maerz*** and ***Forrey***, we determined that the remarks made by the defendants were insufficient to support convictions under subsection 5503(a)(2), which applies when a person "makes unreasonable noise." ***See*** 18 Pa.C.S.A. § 5503(a)(2); ***Forrey***, 108 A.3d at 897-99; ***Maerz***, 879 A.2d at 1269-71. They are thus inapplicable to the instant analysis. In ***Mauz***, the defendant made insulting comments through his fence to his neighbor, such as calling her a "whore," before retreating into his home; no one else present could hear the remarks; and the remarks could not have been heard beyond the two properties. ***See***

*Mauz*, 122 A.3d at 1040, 1042. We held that the evidence was insufficient for a conviction under subsection 5503(a)(4) because the defendant's remarks did not create a risk of a hazardous condition by creating a risk of injury. *Id.* at 1042-43.

Here, in contrast, two other persons—Natore and Rodriguez—witnessed Kirchner make his hand gesture to Klingseisen. In addition, given the history of the parties involved, as evidenced by Natore's no-contact order against Klingseisen and the six cameras Klingseisen had in place, Kirchner's act risked an altercation or other public disturbance. We thus conclude the evidence was sufficient for the conviction for disorderly conduct.

## II. *Mens Rea*

Kirchner argues next that there was insufficient evidence that he possessed the requisite *mens rea* to support his conviction for disorderly conduct. Kirchner argues that because his conduct was directed at a lone individual, he lacked intent to cause "*public* inconvenience, annoyance or alarm," as required by the statute. Kirchner cites **Commonwealth v. Coon**, 695 A.2d 794 (Pa.Super. 1997), in support.

Kirchner's argument is meritless. We have specified that a reckless disregard of creating a risk of public inconvenience, annoyance, or alarm is sufficient, "even if the [defendant's] intent was to send a message to a certain individual, rather than to cause *public* inconvenience, annoyance, or alarm." *Maerz*, 879 A.2d at 1269. Here, Kirchner acted with a reckless disregard of creating a risk of public alarm, as evidenced by the fact that an eyewitness on

a neighboring property contacted 911 because Kirchner's actions caused her to feel insecure.

*Coon* offers Kirchner no relief. In *Coon*, the defendant was charged with disorderly conduct as a third-degree misdemeanor under subsection 5503(b). We concluded that a conviction under that subsection required proof that the defendant "intended to cause substantial harm to the *public* or serious *public* inconvenience by his actions," and the evidence against the defendant did not satisfy that standard. *Coon*, 695 A.2d at 798-99 (emphasis in original). Here, however, Kirchner was convicted of disorderly conduct as a summary offense, which requires the lesser *mens rea* of recklessness. Moreover, *Coon* was abrogated by *Commonwealth v. Fedorek*, 946 A.2d 93 (Pa. 2008). In *Fedorek*, the Pennsylvania Supreme Court held that for the offense to be graded as a misdemeanor under subsection 5503(b), the Commonwealth need only offer proof that the defendant acted with the intent "to cause substantial harm or serious inconvenience," as stated by the statute, not substantial *public* harm or serious *public* inconvenience, as we had held in *Coon*. *Id.* at 101.

### III. *De Minimis* Conduct

Kirchner's final argument is that the evidence was insufficient for conviction because his conduct was *de minimis*. Kirchner cites Section 312 of the Crimes Code, which states that the court shall dismiss the prosecution if it finds the defendant's conduct:

(1) was within a customary license or tolerance, neither expressly negatived by the person whose interest was infringed nor inconsistent with the purpose of the law defining the offense;

(2) did not actually cause or threaten the harm or evil sought to be prevented by the law defining the offense or did so only to an extent too trivial to warrant the condemnation of conviction; or

(3) presents such other extenuations that it cannot reasonably be regarded as envisaged by the General Assembly or other authority in forbidding the offense.

18 Pa.C.S.A. § 312(a). We review the refusal to dismiss under Section 312 for abuse of discretion. *Commonwealth v. Lutes*, 793 A.2d 949, 963 (Pa.Super. 2002).[3]

This issue is also meritless. "An offense alleged to be *de minimis* in nature should not be dismissed where either harm to the victim or society in fact occurs." *Id.*; *accord Commonwealth v. Toomer*, 159 A.3d 956, 960 (Pa.Super. 2017). In other words, the court does not abuse its discretion in refusing to dismiss the charges where the conduct of the offender actually caused public alarm, annoyance, or inconvenience. *Lutes*, 793 A.2d at 963.

Here, the trial court explained in its Pa.R.A.P. 1925(a) opinion that it did not find the conduct at issue to be *de minimis* because it "did, in fact, cause public alarm, annoyance or inconvenience." Tr. Ct. Op. at 6. The court noted that Klingseisen felt extremely threatened and Rodriguez felt insecure enough

---

[3] *But see Commonwealth v. Raban*, 31 A.3d 699, 702 (Pa.Super. 2011), *aff'd*, 85 A.3d 467 (Pa. 2014) (treating question as sufficiency of the evidence and employing *de novo* standard). The discrepancy among the cases regarding the standard of review does not affect our disposition because we would affirm the trial court's refusal to dismiss under Section 312 under either standard.

following her observation of the incident that she called emergency services. *Id.* The court concluded that Kirchner's conduct "caused the very harm sought to be prevented by the law defining the offense." *Id.* We discern no abuse of discretion in this analysis.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/27/2019